# Exhibit E



# Servicing Guide Announcement SVC-2012-04

March 14, 2012

## Updates to Lender-Placed Property Insurance and Hazard Insurance Claims Processing

Many borrowers are experiencing significantly increased costs for lender-placed hazard insurance premiums. Not only are lender-placed hazard insurance premiums more expensive than borrower-purchased hazard insurance premiums, but the cost of lender-placed policies may impact the borrowers' ability to reinstate their delinquent mortgage loans.

The *Servicing Guide,* Part II, Chapter 6: Lender-Placed Property Insurance, requires servicers to ensure that adequate hazard insurance coverage is in place at all times. If the servicer is unable to obtain evidence that the borrower has acceptable hazard insurance for a property, the servicer must obtain lender-placed coverage (also known as "force-placed" insurance) to protect Fannie Mae's interests.

With this Announcement, Fannie Mae is amending and clarifying its policies regarding the use, coverage requirements, deductibles, carrier eligibility requirements, and allowable reimbursable expenses for lender-placed insurance. In addition, Fannie Mae is providing additional guidance to servicers for submitting property insurance claims to the insurance provider and remitting outstanding insurance funds to Fannie Mae after a mortgage loan is liquidated due to a foreclosure sale or a deed-in-lieu of foreclosure.

This Announcement addresses the following topics:

- Effective Date
- Lender-Placed Insurance Coverage Amount and Deductible Requirements
- Borrower Communications
  - Notifying Borrower of Lender-Placed Insurance
  - Lender-Placed Insurance and Retention Offers
- Acceptable Lender-Placed Insurance Carriers
- Borrower Refunds of Lender-Placed Insurance Premiums
- Acceptable Lender-Placed Insurance Costs and Insurance Tracking Fees
- Lender-Placed Hazard and Flood Insurance Losses
- Advancing Payment for Borrower's Property Insurance
- Hazard Insurance Claims and Remittances to Fannie Mae
  - Filing of Insurance Claims for Damages Found from Property Inspections
  - Remitting Outstanding Insurance Loss Drafts
  - Reporting to Fannie Mae's Property Recovery Firm

## Effective Date

*Servicing Guide,* **Part II, Chapter 6: Lender-Placed Property Insurance**

The lender-placed insurance requirements described in this Announcement will be added as new sections in Part II, Chapter 6 of the *Servicing Guide*. Unless otherwise indicated, servicers are required to implement the revised requirements in this Announcement no later than June 1, 2012.

## Lender-Placed Insurance Coverage Amount and Deductible Requirements

Fannie Mae is amending and clarifying its requirements related to the amount of lender-placed insurance coverage as shown below:

- For mortgage loans that are current to 119 days delinquent, the insurance coverage amount should be issued at the borrower's last known coverage amount.

- For mortgage loans that are currently 120 days or more delinquent or for those loans that become 120 days delinquent after the effective date of this Announcement, the insurance coverage amount must be changed to the lesser of:
  - the unpaid principal balance (UPB) or
  - 100% of the insurable value of the improvements (as established by the property insurer).

The servicer may use the last known coverage amount for the borrower's property insurance in lieu of the insurable value of the improvements.

*Examples: Determining the amount of lender-placed insurance coverage:*

|  | **Loan 119 or Less Days Delinquent** | | **Loan 120 Days or More Delinquent** | |
|---|---|---|---|---|
|  | **Property A** | **Property B** | **Property A** | **Property B** |
| Insurable Value/ Coverage Amount | $ 90,000 | $100,000 | $ 90,000 | $100,000 |
| UPB | $105,000 | $ 85,000 | $105,000 | $ 85,000 |
| Required Coverage Amount | $ 90,000 | $100,000 | $ 90,000 | $ 85,000 |

Servicers should not change the lender-placed insurance coverage amount based on the borrower becoming 120 days or more delinquent if the borrower is actively participating in one of the following foreclosure prevention alternative solutions:

- The mortgage loan is in a forbearance plan or repayment plan and the borrower is meeting the terms of the forbearance plan or repayment plan.

- The borrower is in a Trial Period Plan and is satisfying all the requirements of the Trial Period Plan.

- The borrower has submitted a complete Borrower Response Package for consideration of a foreclosure prevention alternative and the servicer is actively evaluating or has an offer pending with the borrower for a foreclosure prevention solution.

If the borrower fails to meet the terms of any of these foreclosure prevention alternative solutions, the servicer must immediately use the new lender-placed insurance coverage requirements noted above.

In addition, if the servicer becomes aware that the property has damage that may be covered under the existing insurance policy, the policy coverage amounts must not be changed until the claim has been submitted.

Fannie Mae is also changing its deductible requirement for all mortgage loans with lender-placed insurance. The allowable deductible per loss occurrence for insurance covering a property is:

- $1,000 if the face amount of the policy is $100,000 or less or
- $2,500 for all other insurance policy coverage amounts.
- When a policy provides for a separate wind-loss deductible (either in the policy itself or in a separate endorsement), that deductible must be 2% of the face amount of the policy.

The lender-placed insurance coverage must remain in force until the borrower can provide evidence of acceptable insurance coverage or the mortgage loan liquidates.

For lender-placed insurance, Fannie Mae requires a comprehensive, all perils or all risk policy, excluding personal property.

Fannie Mae is not changing its flood insurance coverage or deductible requirements for a mortgage loan secured by a property located in a Special Flood Hazard Area.

## Borrower Communications

### *Notifying Borrower of Lender-Placed Insurance*

Fannie Mae is changing the requirement that the servicer must contact the borrower at least once by letter before placement of any lender-placed insurance coverage. With this Announcement, the servicer must contact the borrower at least twice by letter prior to obtaining lender-placed insurance coverage. In addition, the servicer must notify the borrower in writing when it is required to change the lender-placed insurance coverage amount due to the delinquent status of the mortgage loan.

Servicers are reminded that all communications regarding lender-placed insurance must comply with all applicable federal and state laws.

### *Lender-Placed Insurance and Retention Offers*

When offering the borrower a home retention option, servicers must remind borrowers of the benefits of borrower purchased insurance coverage when compared to lender-placed insurance.

Borrowers should be advised that lender-placed insurance may not provide the borrower coverage for personal property or contents and lender-placed insurance coverage may only cover the outstanding unpaid principal of a loan and may not provide enough coverage to rebuild the borrower's home in the case of a total loss. Lastly, servicers must advise borrowers that lender-placed insurance is in most cases more expensive than voluntary insurance coverage.

## Acceptable Lender-Placed Insurance Carriers

Servicers must ensure that the lender-placed insurance carriers they use are filed and admitted in every state in which they service loans for Fannie Mae. For carriers and lender-placed programs that do not meet this requirement, Fannie Mae will allow the use of excess and surplus lines coverage during the filing period, up to a maximum of 180 days from the date of this Announcement.

The lender-placed vendor selected by the servicer must have premium rates that are competitively priced and commercially reasonable.  The servicer must have a documented process in place that demonstrates that the

© 2012 Fannie Mae. Trademarks of Fannie Mae.  SVC-2012-04     Page 3
Case 3:12-cv-00487-MOC-DCK   Document 36-5   Filed 10/04/12   Page 4 of 7

vendor meets this requirement. Fannie Mae reserves the right to require that a servicer change its lender-placed insurance provider if the provider has not demonstrated its ability to file rates within a timely manner.

## Borrower Refunds of Lender-Placed Insurance Premiums

Effective immediately, Fannie Mae is changing its requirement regarding the timing of lender-placed insurance refunds to the borrower. Lender-placed insurance premium refunds must occur within 15 days of receipt of evidence of acceptable insurance coverage from the borrower.

## Acceptable Lender-Placed Insurance Costs and Insurance Tracking Fees

Fannie Mae is clarifying its requirement for reasonable reimbursable expenses for lender-placed insurance. Any servicer request for reimbursement of lender-placed insurance premiums must **exclude**:

- any lender-placed insurance commission earned on that policy by the servicer or any related entity,
- costs associated with insurance tracking or administration, or
- any other costs beyond the actual cost of the lender-placed insurance policy premium.

## Lender-Placed Insurance and Coinsurance

Lender-placed insurance master policies may not contain a coinsurance clause or any other provision that yields the same result as a coinsurance clause.

## Lender-Placed Hazard and Flood Insurance Losses

*Servicing Guide,* Part II, Section 501: Insurance Claim Settlements and Section 501.01: Disposition of Insurance Proceeds Other Than for Natural Disasters

When a loan has lender-placed insurance and the servicer discovers that the borrower is unable to complete repairs because he or she is financially unable to pay the amount of the insurance deductible, Fannie Mae now requires the servicer to advance the short fall in funds up to (or equal to) the amount of the deductible for the repairs. Servicers may obtain reimbursement by submitting a *Cash Disbursement Request* (Form 571). The servicer must then closely monitor the filing of the proof of loss claim with the insurance carrier, the repairs to the property, and the disbursement of the insurance proceeds.

Servicers are reminded if the property sustains losses that are uninsured, per the *Servicing Guide*, Part II, Section 502: Uninsured Losses, they should:

- determine the extent of the damage,
- secure the property, if it is abandoned,
- develop plans for repairing the property, and
- submit a *Report of Hazard Insurance Loss* (Form 176), when applicable..

## Advancing Payment for Borrower's Property Insurance

*Servicing Guide,* Part III, Section 103: Escrow Deposit Accounts; Section 103.04: Advances to Cover Expenses; and Part II, Section 201: Payment of Insurance Premiums

As part of a servicer's responsibility for protecting Fannie Mae's interest in the security property, it must ensure that hazard insurance (including flood insurance, if required), under the terms specified in Fannie Mae's

*Guides*, is in place at all times. Servicers are reminded that when a mortgage loan payment includes escrows, they must advance funds for the timely payment of the borrower's property insurance premiums.

Additionally, when the servicer has waived the escrow deposit account for a specific borrower, it remains responsible for the timely payment of the insurance premiums. Therefore, if the borrower fails to pay a premium, the servicer must advance its own funds to pay the past due premium and reinstate the borrower's insurance coverage, revoke the waiver, and begin escrow deposit collections to pay future premiums.

The servicer must establish an escrow deposit account in accordance with the *Servicing Guide* immediately. Furthermore, the servicer must have procedures that document and provide evidence of their efforts to attempt to reinstate the borrower's insurance coverage when the servicer is notified of the cancelation. Lender-placed insurance coverage should only be issued after the servicer has exhausted all means to keep the borrower's insurance policy in force.

## Hazard Insurance Claims and Remittances to Fannie Mae

The following requirements apply to all Fannie Mae mortgage loans and are effective immediately.

### *Filing of Insurance Claims for Damages Found from Property Inspections*

*Servicing Guide,* **Part II, Chapter 5: Insurance Losses and Part II, Section 501: Insurance Claim Settlements**

With this Announcement, Fannie Mae is clarifying its policy that when the servicer discovers a hazard or flood insurance loss during a property inspection or otherwise, the servicer must file an insurance claim if the borrower has not submitted a proof of loss claim. If the property inspection reveals a hazard or flood insurance loss and the proof of loss claim is not filed, is denied, or is curtailed due to the servicer's failure to file a timely claim, the servicer will be required to make Fannie Mae whole for any losses relating to the property damage expenses or fees incurred by Fannie Mae.

### *Remitting Outstanding Insurance Loss Drafts*

*Servicing Guide***, Part VIII, Section 111: Hazard Insurance Coverage**

Servicers must remit to Fannie Mae the remaining balance of any insurance loss drafts that the servicer is maintaining on a mortgage loan that is liquidated through foreclosure or a deed-in-lieu within 30 days of issuing the REOgram[®]. The servicer may not use any insurance loss draft proceeds to pay fees to the servicer's property recovery firm or any other servicer expenses. All insurance funds are to be forwarded to Fannie Mae.

In addition, if Fannie Mae's property recovery firm submits a proof of loss claim and the servicer receives the insurance loss draft, the funds must be wired to Fannie Mae within 10 business days of receipt by the servicer.

### *Reporting to Fannie Mae's Property Recovery Firm*

*Servicing Guide,* **Part VIII, Section 111: Hazard Insurance Coverage**

The *Servicing Guide* currently requires that when Fannie Mae uses a property recover firm, the servicer will be responsible for providing all requested information or documentation to that property recovery firm within 10 days. With this Announcement, Fannie Mae is requiring that the servicer provide all requested information or documentation to the property recovery firm within three business days.

*****

© 2012 Fannie Mae. Trademarks of Fannie Mae. SVC-2012-04 Page 5
Case 3:12-cv-00487-MOC-DCK   Document 36-5   Filed 10/04/12   Page 6 of 7

Servicers should contact their Servicing Consultant, Portfolio Manager, Investor Reporting Business Analyst, or Fannie Mae's National Servicing Organization's Servicing Solutions Center at 1-888-FANNIE5 (1-888-326-6435) with any questions regarding this Announcement.



Gwen Muse-Evans
Vice President
Chief Risk Officer for Credit Portfolio Management