IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:12-cv-487-MOC-DCK

| | |
|---|---|
| DAVID HOLMES, HERTA S. THEBERGE, MARGUERITE K. POTTER, and the MARGUERITE K. POTTER REVOCABLE TRUST, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., in its own capacity and as successor by merger to BAC HOME LOANS SERVICING, L.P., SEATTLE SPECIALTY INSURANCE SERVICES, INC., in its own capacity and as successor in interest to COUNTRYWIDE INSURANCE SERVICES, INC., ILLINOIS UNION INSURANCE COMPANY, and CERTAIN UNDERWRITERS AT LLOYD'S LONDON, including all underwriters who underwrote force-placed wind insurance policies for Bank of America, as the insured during the applicable limitations period and LLOYD'S, UNDERWRITERS, AT LONDON <br><br> Defendants. | **DEFENDANTS CERTAIN UNDERWRITERS' MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND FOR LACK OF SUBJECT-MATTER JURISDICTION** |

NOW INTO COURT, through undersigned counsel, come Defendants named as "Certain Underwriters at Lloyd's, London including all underwriters at Lloyd's London who underwrote force-placed wind insurance policies for Bank of America as the insured during the applicable statute of limitations period" (hereinafter, "Certain Underwriters"), which respectfully move that this Court dismiss Plaintiffs' claims against them with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). As set forth more fully in the attached Memorandum in Support, which is incorporated herein by reference, Plaintiffs have failed to state a claim for unjust enrichment upon which relief can be granted because they have failed to specify the applicable state law. In the alternative, Plaintiffs have failed to state a claim for unjust enrichment because Plaintiffs did not directly confer a benefit on Certain Underwriters. Moreover, in the alternative, Plaintiffs offer no facts that support their assertion that Certain Underwriters' retention of any such benefit would be unjust—and the terms of the Policy show that such facts could not be alleged. Finally, and also in the alternative, Plaintiffs' unjust enrichment claim may not proceed because of their contractual claims based on the same subject matter.

Certain Underwriters also move this Court to dismiss Plaintiffs' claims against them with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) based on lack of subject-matter jurisdiction under Article III of the United States Constitution. Plaintiffs lack standing to the extent they assert claims against Syndicates at Lloyd's other than those subscribing to the Policy under which coverage was provided for Plaintiff Theberge's property.

WHEREFORE, Certain Underwriters respectfully request that the Honorable Court grant their motion and dismiss the claims asserted against Certain Underwriters in Plaintiffs' First Amended Complaint [D.E. 40] with prejudice, at Plaintiffs' cost, and grant such other and further relief as the Court deems proper.

1
PD.8087158.1
Case 3:12-cv-00487-MOC-DCK   Document 94   Filed 12/31/12   Page 2 of 4

Respectfully submitted this 31st day of December, 2012.

            PHELPS DUNBAR LLP

            s/ Kevin M. O'Brien
            Kevin M. O'Brien
            obrienk@phelps.com
            N.C. State Bar #43373
            GlenLake One
            4140 ParkLake Avenue, Suite 100
            Raleigh, North Carolina 27612-3723
            Telephone: 919-789-5300
            Facsimile: 919-789-5301

*Attorney for Defendants Named as "Certain Underwriters at Lloyd's, London including all underwriters at Lloyd's London who underwrote force-placed wind insurance policies for Bank of America as the insured during the applicable statute of limitations period"*

# CERTIFICATE OF SERVICE

I certify that, on this 31st day of December, 2012, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

BUCKLEYSANDLER LLP
Katherine L. Halliday, khalliday@buckleysandler.com
Stephen M. LeBlanc, sleblanc@buckleysandler.com
Matthew P. Previn, mprevin@buckleysandler.com
Robyn C. Quattrone, rquattrone@buckleysandler.com

DEBEVOISE & PLIMPTON LLP
Eric R. Dinallo, edinallo@debevoise.com
Robert D. Goodman, rdgoodman@debevoise.com

GOODWIN PROCTER
David Seth Kantrowitz, dkantrowitz@goodwinprocter.com
Brian M. LaMacchia, blamacchia@goodwinprocter.com
Matthew G. Lindenbaum, mlindenbaum@goodwinprocter.com
David L. Permut, dpermut@goodwinprocter.com

KESSLER TOPAZ MELTZER & CHECK LLP
Peter H. LeVan, Jr., plevan@ktmc.com

MCGUIREWOODS LLP
Steven N. Baker, sbaker@mcguirewoods.com
Bradley R. Kutrow, bkutrow@mcguirewoods.com

NELSON LEVIN DE LUCA & HAMILTON, LLC
David Leonard Brown, dbrown@nldhlaw.com
Brady A. Yntema, byntema@nldhlaw.com

NICHOLS KASTER, PLLP
E. Michelle Drake, drake@nka.com
Sarah W. Steenhoek, ssteenhoek@nka.com

ROBINSON, BRADSHAW & HINSON, P.A.
Nathan C. Chase, Jr., nchase@rbh.com
Robert Evans Harrington, rharrington@rbh.com

WHITFIELD, BRYSON & MASON, LLP
Daniel Kent Bryson, dan@wbmllp.com

                                              s/ Kevin M. O'Brien
                                              Kevin M. O'Brien