IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Case No. 3:12-CV-00487

DAVID HOLMES, HERTA S. THEBERGE, MARGUERITE K. POTTER, and the MARGUERITE K. POTTER REVOCABLE TRUST, individually and on behalf of all others similarly situated Individually, and on Behalf of a Rule 23 putative class,

    Plaintiffs,

v.

BANK OF AMERICA, N.A., in its own capacity and as successor by merger to BAC HOME LOANS SERVICING, L.P., SEATTLE SPECIALTY INSURANCE SERVICES, INC., in its own capacity and as successor in interest to COUNTRYWIDE INSURANCE SERVICES, INC., ILLINOIS UNION INSURANCE COMPANY, and CERTAIN UNDERWRITERS AT LLOYD'S LONDON, including all underwriters who underwrote force-placed wind insurance policies for Bank of America, as the insured during the applicable limitations period, and LLOYD'S, UNDERWRITERS, AT LONDON,

    Defendants.

---

## DEFENDANT ILLINOIS UNION INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY

---

Defendant Illinois Union Insurance Company ("IUI") wishes to respond to Plaintiffs' Motion for Leave to File a Surreply to Address Defendants' Supplemental Authority and Improper Reply Brief Evidence (hereinafter "Surreply") and supporting exhibit. This request for relief, unlike other motions that IUI expressly consented to in this litigation, rests properly in the sound discretion of the Court, given that fairness concerns are not implicated here. *F.D.I.C. v. Cashion*, No. 1:11cv72, 2012 WL 1098619

(W.D.N.C. Apr. 2, 2012).  However, because the Plaintiffs have submitted their arguments to the Court, IUI would like an opportunity to respond.

First, the submission of the master policy was not improper.  Plaintiffs clearly referred to and relied upon the master policy in the First Amended Complaint (Am. Compl. ¶¶ 20 n.1, 21, 40, 46, 95), and explicitly make presumptions about it in their Response (Opp. at 5 n.3).  Plaintiffs cannot maintain in their Surreply that the master policy is "not relevant" to Plaintiffs' claims and "independent from any contract between IUI and BOA" (Surreply Ex. 1 at 2), yet surmise what provisions it may contain in their Response (Opp. at n.3).  Even if Plaintiffs did not put the master policy into play—which they did—it is a reasonable interpretation of Rule 12(b)(6) and binding case law that the master policy is essential to the claims at issue in this litigation and therefore may be submitted.

Second, IUI did not cite the CFPB rules for their preclusive or binding effect, but instead cited them to show the views of a major regulator—a regulator whose mission is to protect consumers like Plaintiffs from unjust practices—on the issue of "backdating" insurance policies.  (*See* Reply Br. at 5.)  In their Surreply, Plaintiffs attempt to undercut the weight of such rules and interpretations (Surreply Ex. 1 at 7-8), yet Plaintiffs themselves have cited regulatory positions taken by other regulators and quasi-regulators such as New York's Department of Financial Services and the National Association of Insurance Commissioners.  (*See* Reply Br. at 5.)  Plaintiffs may not use regulatory guidance to support their position yet try to prohibit IUI from doing the same.   The

2

Case 3:12-cv-00487-MOC-DCK   Document 117   Filed 03/07/13   Page 2 of 4

CFPB issued the rules two weeks before Plaintiffs filed their Response, and Plaintiffs chose not to address them at that time. (*See* Reply Br. at 4.)

        Respectfully submitted,

        /s/ Brady A. Yntema
        David L. Brown
        N.C. State Bar No. 18942
        Brady A. Yntema
        N.C. State Bar No. 25771
        NELSON LEVINE DE LUCA & HAMILTON LLC
        800 Green Valley Road, Suite 302
        Greensboro, NC 27408
        Telephone: 336.419.4900
        Facsimile: 336.419.4950
        Email: dbrown@nldhlaw.com
               byntema@nldhlaw.com

        Eric R. Dinallo
        Robert D. Goodman
        Miranda H. Turner
        DEBEVOISE & PLIMPTON LLP
        919 Third Avenue
        New York, NY 10022

        *Attorneys for Illinois Union Insurance Co.*

March 7, 2013

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of this Court on March 7, 2013, using the CM/ECF system which will send notification of such filing to all counsel of record for all interested parties to this action.

This the 7th day of March, 2013.

/s/ Brady A. Yntema
David L. Brown
N.C. State Bar No. 18942
Brady A. Yntema
N.C. State Bar No. 25771
NELSON LEVINE DE LUCA & HAMILTON LLC
800 Green Valley Road, Suite 302
Greensboro, NC 27408
Telephone: 336.419.4900
Facsimile: 336.419.4950
Email: dbrown@nldhlaw.com
byntema@nldhlaw.com

Eric R. Dinallo
Robert D. Goodman
Miranda H. Turner
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022

*Attorneys for Illinois Union Insurance Co.*