**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-cv-00487-MOC-DSC**

| | |
|---|---|
| DAVID HOLMES, HERTA S. THEBERGE, MARGUERITE K. POTTER, AND THE MARGUERITE K. POTTER REVOCABLE TRUST, individually and on behalf of all others similarly situated, )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, )<br>)<br>) | **MEMORANDUM AND RECOMMENDATION AND ORDER** |
| v. )<br>) | |
| BANK OF AMERICA, N.A., et. al., )<br>)<br>) | |
| Defendants. )<br>)<br>_____) | |

**THIS MATTER** is before the Court on the following Motions:

1. "Defendant Seattle Specialty Insurance Services, Inc.'s Motion to Dismiss Amended Complaint" (document #70);

2. "Defendant Illinois Union Insurance Company's Motion to Dismiss Plaintiffs' Amended Complaint" (document #72);

3. "Defendant Bank of America's Motion to Dismiss Plaintiffs David Holmes, Marguerite K. Potter, and the Marguerite K. Potter Revocable Trust Under Rule 12(b)(6)" (document #87); and

4. "Defendant Certain Underwriters' Motion to Dismiss First Amended Complaint for Failure to State a Claim and for Lack of Subject Matter Jurisdiction" (document #94); as well as the parties' briefs and exhibits.

On April 10, 2013, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motions to Dismiss be <u>denied</u>, as discussed below. The parties' "Joint Motion for Oral Argument …" (document #114) is <u>denied</u>.

## I. **FACTUAL AND PROCEDURAL BACKGROUND**

Accepting the factual allegations of the Amended Complaint as true, Plaintiffs are Florida residents who purchased homes with mortgages from Defendant Bank of America, N.A. ("the Bank"). The parties agree that these mortgages require Plaintiffs to maintain adequate hazard insurance on their properties and also permit the Bank to "force place" hazard insurance if Plaintiffs fail to fulfill their obligations to provide continuous coverage.

When Plaintiffs failed to obtain wind coverage, the Bank force placed wind insurance on their homes. Defendant Seattle Specialty Insurance Services, Inc. ("SSIS"), or its predecessor Countrywide Insurance Services, Inc., acted as the insurance agent. Defendants Illinois Union Insurance Company ("IUI") and "Certain Underwriters at Lloyd's, London" ("Lloyd's") were the insurance providers (collectively, "the insurance Defendants"). The insurance premiums were deducted from Plaintiffs' escrow accounts or otherwise charged to them. The parties dispute whether wind coverage was a necessary component of the hazard insurance. Plaintiffs further contend that coverage was improperly backdated and insured the homes at replacement cost rather than for the amount of the loans. Plaintiffs also allege that the insurance premiums were exorbitantly high, and that the Bank improperly received commissions, which they characterize as "kickbacks," from the insurance Defendants.

On August 6, 2012, Plaintiffs filed their class action Complaint, which as amended, states

claims for breach of contract and breach of the implied covenant of good faith and fair dealing against the Bank; a claim for unjust enrichment against the insurance Defendants; and a tortious interference with contractual relations claim against Defendant SSIS. The parties agree that Florida law applies in this action.

Each Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Bank has moved to dismiss the claims filed by Plaintiffs Holmes and Potter only. Defendants argue that the mortgage agreements gave the Bank discretion to obtain the force placed coverage for Plaintiffs.

Defendant Lloyd's also moves to dismiss pursuant to Rule 12(b)(1). Lloyd's contends that Plaintiffs lack standing to assert claims against any Syndicates at Lloyd's other than those subscribing to the Policy covering Plaintiff Theberge's property.

Defendants' Motions have been fully briefed and are ripe for determination.

## II. DISCUSSION

### A. Motions to Dismiss for Failure to State a Claim

#### 1. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at

563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting

Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

**2. Bank of America, N.A.**

To state a breach of contract claim under Florida law, Plaintiffs must plead: (1) the existence of a contract; (2) a (material) breach of that contract; and (3) resulting damages. Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009) (citing Friedman v. N.Y. Life Ins. Co., 985 So.2d 56, 58 (Fla. Dist. Ct. App. 2008)).

It is settled Florida law that contracts not only contain their express terms, but also terms that are implied by law, including the covenant of good faith and fair dealing. First Nationwide Bank v. Fla. Software Servs., Inc., 770 F. Supp. 1537,1542 (M.D. Fla. 1991). To allege a breach of the implied covenant of good faith and fair dealing, a party may plead among other things "a failure or refusal to discharge contractual responsibilities, prompted … by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and … the reasonable expectations of the other party." Shibata v. Lim, 133 F. Supp. 2d 1311 (M.D. Fla. 2000). "[W]here the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party." Cox v. CSK Intermodal, Inc., 732 So. 2d 1092,1097 (Fla. 1st DCA 1999).

In two recent cases, federal courts in Florida have held that pleadings substantively identical to the Amended Complaint here are sufficient to survive a motion to dismiss claims for breach of contract and breach of implied covenant of good faith and fair dealing. See Martorella

5

v. Deutsche Bank National Trust Company, No. 12-80372-CIVMARRA (S.D. Fla. March 18, 2013) (where contract granted Defendant discretion to determine whether and under what terms to purchase force placed insurance, allegations that it failed to observe reasonable limits in exercising that discretion and force placed policies with excessive premiums in exchange for "kickbacks" were sufficient to state claim for breach of covenant of good faith and fair dealing); Karp v. Bank of Am., N.A., No. 8:12-cv-1700-T-17MAP (M.D. Fla. March 18, 2013) (similar allegations sufficient to support claims for breach of contract and breach of implied covenant of good faith and fair dealing); both attached to "Plaintiff's Notice of Recent Supplemental Authority" (document #124).

The undersigned finds the reasoning of the District Courts in the Middle and Southern Districts of Florida to be persuasive. For those same reasons, the Court respectfully recommends that Bank of America, N.A.'s Motion to Dismiss be denied.

**3. Insurance Defendants**

As an initial matter, Defendant SSIS contends that Plaintiffs have not alleged a sufficient basis for holding it liable as a successor in interest to Countrywide Insurance Services. Under Florida law "whether successor liability can be imposed is a fact specific inquiry that should not be resolved on a motion to dismiss." Meier v. Provima, Inc., No. 06-CV-336, 2006 WL 3876371, at *2 (M.D. Fla. May 11, 2006) (denying motion to dismiss on question of successor liability). Only after the parties have conducted discovery can the court fully examine the relationship of the companies. See Bankers Life Ins. Co. v. Credit Suisse First Boston Corp., No. 8:07-cv-00690, 2008 WL 1817294, at *10 (M.D. Fla. Apr. 22, 2008) (holding that because the determination of successor liability depends on documents subject to discovery, it would be

"improper" to absolve defendant of all liability at the motion to dismiss stage). Accordingly, Defendant SSIS's potential liability as successor in interest to Countrywide should be determined after the close of discovery.

Florida federal courts have also upheld claims for unjust enrichment based upon similar allegations of backdating and improper commissions in connection with force placed insurance. See, e.g., Ulbrich v. GMAC Mort., LLC, No. 11-62424, 2012 WL 3516499, at *1-3 (S.D. Fla. Aug. 15, 2012); Williams v. Wells Fargo Bank N.A., No. 11-21233-CIV, 2011 WL 4368980, at *1-2, *8-10 (S.D. Fla. Sept. 19, 2011); Abels v. JP Morgan Chase Bank, N.A., 678 F. Supp. 2d 1273, 1276 (S.D. Fla. 2009) (applying Florida law and finding that plaintiffs stated unjust enrichment claim by alleging that the defendant "engaged in self-dealing by purchasing insurance from one of its own affiliates").

In Williams, the Southern District of Florida Court also upheld the plaintiffs' claim for tortious interference against an insurance agent. 2011 WL 4368980, at *12. The Court found allegations that an insurance agent paid commissions to a bank to induce it to purchase force placed insurance with excessive premiums that were ultimately charged to the borrower were "in the light most favorable to the Plaintiffs, adequate[] [to] state a claim for tortious interference." Id.

For these and the other reasons stated in Plaintiffs' briefs, the undersigned respectfully recommends that the insurance Defendants' Rule 12(b)(6) Motions be denied.

### B. Motion to Dismiss for Lack of Standing

Defendant Lloyd's is comprised of Certain Underwriters at Lloyd's London and Lloyd's Underwriters at, London. According to the Amended Complaint, Defendant Certain

Underwriters at Lloyd's, London includes "all the Names and/or Syndicates who underwrote force-placed wind insurance policies for Bank of America as the insured during the applicable statute of limitations period." Document #40 at ¶¶ 23, 140.

Defendant Lloyd's has offered the two-page "Declaration of Mark Hicks" (document #94-3) who avers without any supporting documentation that Syndicates 2000, 1084, 4444, 2791, 318, 2003, 4020, 1225, 1200, 2488 and 958 were the only ones at Lloyd's to underwrite an insurance policy for any of the three named Plaintiffs. Lloyd's contends that Plaintiffs have standing as to these Syndicates only, and that all other Lloyd's entities, which remain unidentified, should be dismissed for lack of subject matter jurisdiction. Lloyd's concedes that this is a factual, rather than a legal argument.

In response, Plaintiffs request an opportunity to conduct jurisdictional discovery in three areas. First, Plaintiffs argue they are entitled to depose Hicks. Second, Plaintiffs seek to conduct discovery to determine the identities of the parties that Lloyd's is proposing be dismissed. Finally, Plaintiffs seek to conduct discovery concerning Lloyd's corporate form. Plaintiffs point out that Lloyd's position in its present Motion conflicts with its insurance license in Florida where Lloyd's is treated as a single entity.

The undersigned concludes that Plaintiffs are entitled to conduct limited jurisdictional discovery as outlined above. Accordingly, the undersigned respectfully recommends that Lloyd's Motion to Dismiss pursuant to Rule 12(b)(1) be <u>denied without prejudice</u> to Lloyd's right to renew its Motion following completion of discovery.

### III. ORDER

**IT IS HEREBY ORDERED** that the parties' "Joint Motion for Oral Argument …"

(document #114) is **DENIED**.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. "Defendant Seattle Specialty Insurance Services, Inc.'s Motion to Dismiss Amended Complaint" (document #70); "Defendant Illinois Union Insurance Company's Motion to Dismiss Plaintiffs' Amended Complaint" (document #72); "Defendant Bank of America's Motion to Dismiss Plaintiffs David Holmes, Marguerite K. Potter, and the Marguerite K. Potter Revocable Trust Under Rule 12(b)(6)" (document #87); and "Defendant Certain Underwriters' Motion to Dismiss First Amended Complaint for Failure to State a Claim and for Lack of Subject Matter Jurisdiction" (document #94) be **DENIED;**

2. "Defendant Seattle Specialty Insurance Services, Inc.'s Motion to Dismiss Amended Complaint" (document #70) be **DENIED WITHOUT PREJUDICE** to Defendant's right to challenge successor in interest liability; and

3. "Defendant Certain Underwriters' Motion to Dismiss First Amended Complaint for Failure to State a Claim and for Lack of Subject Matter Jurisdiction" (document #87) be **DENIED WITHOUT PREJUDICE** as to the portion of Defendant's Motion made pursuant to Rule 12(b)(1).

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.

Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: April 16, 2013

_____
David S. Cayer
United States Magistrate Judge