UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO. 3:12-CV-00487-MOC

| | |
|---|---|
| DAVID HOLMES, HERTA S. THEBERGE, MARGUERITE K. POTTER, AND THE MARGUERITE K. POTTER REVOCABLE TRUST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>BANK OF AMERICA, N.A., in its own capacity and as successor by merger to BAC HOME LOANS SERVICING, LP; SEATTLE SPECIALTY INSURANCE SERVICES, INC., in its own capacity and as successor in interest to COUNTRYWIDE INSURANCE SERVICES, INC., ILLINOIS UNION INSURANCE COMPANY, AND CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, including all underwriters who underwrote force-placed wind insurance policies for Bank of America, as the insured during the applicable limitations period and LLOYD'S, UNDERWRITERS AT, LONDON,<br><br>Defendants. | DEFENDANT SEATTLE SPECIALTY INSURANCE SERVICES INC.'S OBJECTIONS TO MAGISTRATE'S MEMORANDUM AND RECOMMENDATIONS |

Defendant Seattle Specialty Insurance Services, Inc. ("SSIS") respectfully submits these objections to the United States Magistrate Judge's Memorandum and Recommendation and Order (the "M&R") of April 16, 2013, ECF No. 126, regarding SSIS' Motion to Dismiss the claims asserted against it in the Amended Complaint, pursuant to 28 U.S.C. § 636(b)(1)(c), Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(C).

1

## INTRODUCTION

Plaintiffs' Amended Complaint, filed on October 30, 2012, added SSIS as a Defendant and asserted claims against it for unjust enrichment and tortious interference with contractual relations, both individually and as alleged successor-in-interest to Countrywide Insurance Services ("CIS"). Pls.' First Am. Compl. ("AC"), ECF No. 40. SSIS allegedly provided lender-placed insurance ("LPI") services to Bank of America, including insurance tracking and procuring lender-placed wind insurance policies, and in exchange allegedly accepted compensation from Bank of America (the "Bank") and paid commissions to the Bank. AC ¶¶ 108, 112. 128. Plaintiffs maintain that these allegations are sufficient to state the asserted claims. SSIS filed a motion to dismiss the claims on December 17, 2012. SSIS' Mot. to Dismiss Am. Compl. ("SSIS' Mot. to Dismiss"), ECF No. 70, SSIS' Br. in Support of Mot. to Dimiss Am. Compl. ("SSIS' Br."), ECF No. 71.

In its opening memorandum and reply memorandum in support of the motion to dismiss, SSIS argued that the allegations in the Amended Complaint were insufficient (1) to state a claim for successor liability, and (2) to satisfy the requirements for pleading unjust enrichment or tortious interference under Florida state law. *See id.* and SSIS' Reply in Support of Mot. to Dismiss Am. Compl. ("SSIS' Reply"), Feb. 21, 2013, ECF No. 106. On April 10, 2013, SSIS' Mot. to Dismiss and the motions filed by its co-Defendants were referred to Magistrate Judge David S. Cayer for decision. On April 16, 2013 the Magistrate Judge issued his M&R recommending denial of SSIS' Mot. to Dismiss, along with the motions of its co-Defendants. SSIS objects to this recommendation because the Magistrate seems to have misconstrued SSIS' argument regarding Plaintiffs' failure to allege successor liability, not properly considered

Eleventh Circuit precedent, and not addressed the specific arguments made in SSIS' Mot. to Dismiss regarding the Amended Complaint's deficiencies in pleading the specific elements of each of the asserted claims.

## ARGUMENT

### I. STANDARD OF REVIEW

Parties may file written objections to a Magistrate Judge's memorandum and recommendation pursuant to the Federal Magistrate Act, 28 U.S.C. § 636(b)(1). This Act provides that "[a] judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). For matters where no specific objection has been made, the district court reviews the Magistrate Judge's recommendations for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### II. SSIS OBJECTS TO THE MAGISTRATE JUDGE'S RECOMMENDATION REGARDING SSIS' CHALLENGE TO THE SUFFICIENCY OF THE SUCCESSOR-IN-LIABILITY ALLEGATIONS AS A FACTUAL ARGUMENT.

The Magistrate Judge's recommendation to deny SSIS' Mot. to Dismiss the successor-in-liability claims appears to be based on a misunderstanding of SSIS' argument. The M&R concludes that SSIS' challenge to Plaintiffs' assertion of successor liability should be denied because successor liability is a fact-specific issue that should not be decided on a motion to dismiss. M&R at 6. However, SSIS' argument was not a factual one. Instead, SSIS' argument was that the Amended Complaint did not *allege* sufficient facts to support its legal assertion that SSIS was liable as CIS' successor-in-interest. *See* SSIS' Br. at 7-9, SSIS' Reply at 2-5. As the M&R recognizes, allegations that "are no more than conclusions, are not entitled to the assumption of truth." M&R at 4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). SSIS objects to this recommendation because the Magistrate misconstrued SSIS' argument regarding

Plaintiffs' failure to allege successor liability, did not properly consider Eleventh Circuit precedent, and failed to address the specific arguments made in SSIS' Mot. to Dismiss regarding the Amended Complaint's deficiencies in pleading the specific elements of each of the asserted claims.

The imposition of successor liability for asset purchasers is the exception rather than the rule. SSIS' Br. at 8 (citing *City of Richmond v. Madison Mgmt Grp., Inc.*, 918 F.2d 438, 449 (4th Cir. 1990). Alleging that one entity purchased another is not enough to state a claim for successor liability, but that is all that the Amended Complaint does. AC ¶ 20, n.1. The Amended Complaint's claim of successor liability should be dismissed because it fails to allege facts to make it plausible that one of the exceptions to the default position of no successor liability applies..

The two cases cited in the M&R seemingly permitting successor liability claims to proceed based only on conclusory assertions both predate the stricter pleading standards imposed in *Iqbal*, 556 U.S. at 679, and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and are at odds with more recent decisions, post *Twombly* and *Iqbal*, that have required Plaintiffs to include factual allegations in support of successor liability. *See Hayden Capital USA, LLC v. Northstar Agri Indus., LLC*, No. 11 CIV. 594 DAB, 2012 WL 1449257, at *4-5 (S.D.N.Y. Apr. 23, 2012) (dismissing claim asserting successor liability for failure to allege sufficient facts to establish that one of the exceptions applies); *Brockway v. JP Morgan Chase Bank*, No. 11CV2982 JM BGS, 2012 WL 4894253, at * 3 (S.D. Cal. Oct. 15, 2012) (dismissing claims with prejudice where plaintiff failed to set forth sufficient allegations to depart from the general rule against successor liability for the predecessor's torts); *Oginsky v. Paragon Props. of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1367-68 (S.D. Fla. 2011) ("If Plaintiffs wish to claim [defendant] is

liable as a successor in interest, they must properly allege facts supporting that claim in a Complaint."); *Infante v. Bank of Am. Corp.*, 680 F. Supp. 2d 1298, 1305 (S.D. Fla. 2009) (allegations that Bank of America purchased Countrywide insufficient to establish successor liability). This Court should apply the current pleading standards and conclude that Plaintiffs failed to state claims for successor liability.

### III. SSIS OBJECTS TO THE MAGISTRATE JUDGE'S FAILURE TO CONSIDER THE ELEVENTH CIRCUIT'S DECISION IN *VIRGILIO V. RYLAND GROUP, INC.*, AFFIRMING DISMISSAL OF AN UNJUST ENRICHMENT CLAIM BASED ON ANALOGOUS FACTS.

In May 2012, the Court of Appeals for the Eleventh Circuit issued an opinion addressing the requirements for pleading unjust enrichment claims under Florida law in *Virgilo v. Ryland Group, Inc.*, 680 F.3d 1329 (11th Cir. 2012). In particular, *Virgilio* offered guidance on the application of Florida's direct benefit requirement to allegations that a defendant received payment for services in the form of a commission derived from the purchase price paid by a third party. When properly considered and followed here, the Eleventh Circuit's guidance in *Virgilio* dictates dismissal of the unjust enrichment asserted against SSIS. SSIS objects to the fact that the M&R does not discuss *Virgilio* or properly apply it, despite a full discussion of the case and its implications in SSIS' opening and reply briefs, as well as the moving papers of its co-Defendant. *See* SSIS' Br. at 11-12, SSIS' Reply at 6-7, Defendant Certain Underwriters' Memorandum in Support of Motion to Dismiss, December 17, 2012, ECF No. 94-1 at 10-11.

In *Virgilio v. Ryland Group, Inc.*, the plaintiffs alleged that they had purchased homes in a community next to an undisclosed World War II bombing range. 680 F.3d 1329, 1331 (11th Cir. 2012). In addition to suing the builders who had sold them their homes, plaintiffs also asserted claims for unjust enrichment against entities that had received a percentage of the home sale prices from the builder as payment for marketing services. *Id.* at 1333. The Eleventh

Circuit held that these facts were inadequate to support a claim of unjust enrichment because the defendants received 1.5% of the home purchase prices pursuant to the terms of their service agreement with the builder, meaning that the builder (and not the plaintiffs) had conferred a benefit upon the defendants. *Id.* at 1337. The Eleventh Circuit further concluded that only the builder could challenge the defendants' right to payment as a breach of the marketing services contract, a non-party to that contract, such as plaintiffs, could not. *Id.* More recently, in denying a motion for class certification in a case challenging LPI commission payments, the district court recognized that the direct benefit requirement imposed by *Virgilio* is a "roadblock" to recovery under an unjust enrichment theory. *See Kunzelmann v. Wells Fargo Bank. N.A.*, 11-CV-81373-DMM, 2013 WL 139913, at *5 (S.D. Fla. Jan. 10, 2013). Importantly, the Eleventh Circuit's decision in *Virgilio* was issued after the district court decisions in *Williams v. Wells Fargo Bank, N.A.*, No. 11-21233, 2011 WL 4368980, at *8-9 (S.D. Fla. Sept. 19, 2011) and *Abels v. JPMorgan Chase Bank, N.A.*, 678 F. Supp. 2d 1273, 1276 (S.D. Fla. 2009), both of which were cited in and replied upon by the M&R as instances where similar claims withstood challenges at the motion to dismiss stage.

*Virgilio*'s similarities to the Amended Complaint's allegations against SSIS cannot be overstated. The Amended Complaint alleges that SSIS was paid pursuant to its agreements with the Bank and any sums SSIS received were paid by the Bank as compensation for insurance services that SSIS provided to the Bank. AC ¶¶ 20, 128, 173. In *Virgilio*, the defendants allegedly were paid for their marketing services in the form of a commission calculated from the home sale price. 680 F.3d at 1333. *Virgilio* concluded that the fact that the plaintiffs had paid for the homes, and thus a portion of the money they paid was ultimately retained by the marketing entity defendants, was not sufficient to state a claim for unjust enrichment. Likewise,

6
Case 3:12-cv-00487-MOC-DSC   Document 132   Filed 05/03/13   Page 6 of 12

Plaintiffs' allegations in the Amended Complaint that portions of the LPI premiums they paid were ultimately paid to SSIS is insufficient to state a claim for unjust enrichment. That the M&R does not address and properly apply *Virgilio* was an error and its recommendation should not be adopted by this Court.

**IV.     SSIS OBJECTS TO THE MAGISTRATE JUDGE'S FINDING THAT THE AMENDED COMPLAINT STATES A CLAIM FOR UNJUST ENRICHMENT AGAINST SSIS.**

The M&R further does not address the Amended Complaint's failure to allege facts to support each of the requisite elements of the claim. In addition to failing to allege that Plaintiffs directly conferred a benefit on SSIS, *see supra*, the Amended Complaint also fails to allege facts to establish that SSIS' retention of any benefit would be unjust. The M&R does not discuss the individual elements of an unjust enrichment claim and offers no assessment of how Plaintiffs' factual allegations address each element. In support of the recommendation to deny SSIS' Mot. to Dismiss the unjust enrichment claim, the M&R merely notes that three judges have not dismissed unjust enrichment claims based on similar allegations. M&R at 7.[1] The M&R fails to mention that other judges have also dismissed claims based on similar allegations and determined that what Plaintiffs here pejoratively label "backdating" is a necessary practice that ensures continuous insurance coverage for mortgaged properties. *See* SSIS' Br. at 13-14 (citing *LaCroix v. U.S. Bank, N.A.*, No. 11-3236, 2012 WL 2357602, at *5 (D. Minn. June 20, 2012), *Schilke v. Wachovia Mortg., FSB*, 820 F. Supp. 2d 825, 834 (N.D. Ill. 2011), *Webb v. Chase Manhattan Mortg. Corp.*, No. 2:05-CV-0548, 2008 WL 2230696, at *19 (S.D. Ohio May 28,

---

[1] The M&R's parenthetical explanation of its citation to *Abels*, 678 F. Supp. 2d at 1276: "applying Florida law and finding that plaintiffs stated unjust enrichment claim by alleging that the defendant 'engaged in self-dealing by purchasing insurance from one of its own affiliates,'" M&R at 7, is especially perplexing because neither SSIS, nor the two insurance carrier Defendants, are affiliates of Bank of America.


2008)). The M&R does not attempt to distinguish these cases or offer an explanation about why it found the analysis in the cases it cites to be more persuasive.

## V. SSIS OBJECTS TO THE MAGISTRATE JUDGE'S FINDING THAT THE AMENDED COMPLAINT STATES A CLAIM FOR TORTIOUS INTERFERENCE.

The M&R's treatment of Plaintiffs' tortious interference claim is less complete than its analysis of the unjust enrichment allegations. The M&R's two-sentence discussion of the tortious interference claim recommends that the claim should not be dismissed because, in one unpublished opinion, another court did not dismiss a tortious interference claim asserted against a different legal entity premised on entirely different alleged facts. M&R at 7. The M&R disregards Plaintiffs' failure to include factual allegations in their Amended Complaint to support the legal conclusion that SSIS intentionally and unjustifiably interfered with Plaintiffs' contract with Bank of America. Plaintiffs' failure to do so warrants dismissal of the tortious interference claim.

With respect to the intent element of the claim, Plaintiffs' tortious interference claim fails because the Amended Complaint pleads no supporting facts. Florida courts have repeatedly held that a complaint must allege that a defendant had a specific intent to interfere with a plaintiff's contractual or business relationships in order to state a tortious interference claim. *See Lewis v. Seneff*, 654 F. Supp. 2d 1349, 1372 (M.D. Fla. 2009); *Chicago Title Ins. Co. v. Alday-Donaldson Title Co. of Fla., Inc.*, 832 So.2d 810, 814 (Fla. Dist. Ct. App. 2002). No such allegations are included in the Amended Complaint.

Plaintiffs' claim also fails because the Amended Complaint alleges no facts to establish that the alleged interference was unjustified. To the contrary, the alleged facts demonstrate that SSIS could not have interfered in Plaintiffs' relationships with the Bank because it was not a stranger to those relationship. *See* SSIS' Br. at 16-17; SSIS' Reply at 10-11. In Florida, a party

8

that has a "beneficial or economic interest, in, or control *over* [a] relationship" is not a stranger to the relationship and cannot tortiously interfere with it. *Treco Int'l S.A. v. Kromka*, 706 F. Supp. 2d 1283, 1289 (S.D. Fla. 2010) (citation omitted). Similarly, a party is not a stranger to a contract or business relationship if its actions are necessitated by that relationship. *See Gunders Auto Ctr. v. State Farm Mut. Auto. Ins. Co.*, 422 F. App'x. 819, 822 (11th Cir. 2011) (holding that complaint failed to state a claim where its allegations showed that State Farm had a protectable interest in the plaintiff's relationship with State Farm's customers); *Peoples Gas Sys. v. Posen Constr., Inc.*, No. 11-CV-231-FTM-29, 2011 WL 5525346, at *2 (M.D. Fla. Nov. 14, 2011) (dismissing tortious interference claim against defendant construction company whose work facilitated a contract between the plaintiff and the county); *Palm Beach Cnty. Health Care Dist. v. Prof'l Med. Educ., Inc.,* 13 So.3d 1090, 1094 (Fla. Dist. Ct. App. 2009) (finding that the District was an interested third party to the counterclaim plaintiff's business relationships and distinguishing a case where the defendant had a relationship with the plaintiff but no connection to the plaintiffs' business relationship with which defendant had supposedly interfered).

Plaintiffs allege that SSIS had a financial interest in the relationships between Plaintiffs and Bank of America and that SSIS was necessary to the relationships because SSIS' actions facilitated the Bank's ability to enforce the contract and ensure that Plaintiffs maintained continuous coverage. *See* AC ¶¶ 52, 95, 101, 103 (identifying SSIS as the insurance agency for the LPI placed by the Bank on the Holmes and Potter properties); *id.* ¶108 ("During the applicable time frame, [the Bank] and its insurance agencies (such as Seattle Specialty) tracked BOA's loans, including Plaintiffs' loans, to ensure that borrowers' insurance coverage complied with [the Bank's] internal insurance requirements."). These allegations establish that SSIS was not a stranger to the Bank's business relationships, that its actions were necessary to those

relationships, and that it could not "tortiously interfere" with them. For these reasons, this Court should not adopt the M&R's recommendation and instead should dismiss the tortious interference claim asserted against SSIS.

## CONCLUSION

For the foregoing reasons, this Court should decline to adopt the Magistrate Judge's Memorandum and Recommendation, sustain SSIS' objections, and grant SSIS' Motion to Dismiss in its entirety.


Dated: May 3, 2013

Respectfully submitted,

s/ Robert E. Harrington
Robert E. Harrington
N.C. Bar No. 26967
rharrington@rbh.com
Nathan C. Chase, Jr.
N.C. Bar No. 39314
nchase@rbh.com
**Robinson Bradshaw & Hinson, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel.: 704.377.2536
Fax: 704.378.4000


Robyn C. Quattrone (*pro hac vice*)
rquattrone@buckleysandler.com
Katherine Halliday (*pro hac vice*)
khalliday@buckleysandler.com
**BuckleySandler LLP**
1250 24th Street NW, Suite 700
Washington, DC 20037
Tel.: 202.349.8000
Fax: 202.349.8080

*Counsel for Seattle Specialty Insurance Services, Inc.*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was electronically filed today with the Clerk of the Court by using the CM/ECF System, which will electronically notify the following counsel of record:

E. Michelle Drake
drake@nka.com
Sarah W. Steenhoek
ssteenhoek@nka.com
**Nichols Kaster, PLLP**
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

Peter H. LeVan , Jr.
plevan@ktmc.com
**Kessler Topaz Meltzer & Check LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056


Daniel Kent Bryson
dan@wbmllp.com
**Whitfield, Bryson & Mason, LLP**
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035

*Counsel for Plaintiffs*

Bradley R. Kutrow
bkutrow@mcguirewoods.com
**Helms, Mulliss & Wicker, PLLC**
201 N. Tryon Street
P. O. Box 31247
Charlotte, NC 28231
Telephone: (704) 343-2049
Fax: (704) 343-2300

Brian M. LaMacchia
blamacchia@goodwinprocter.com
David Seth Kantrowitz
dkantrowitz@goodwinprocter.com
Matthew G Lindenbaum
mlindenbaum@goodwinprocter.com
**Goodwin Procter**
53 State Street
Boston, MA 02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

David L. Permut
dpermut@goodwinprocter.com
**Goodwin Procter LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

Steven N. Baker
sbaker@mcguirewoods.com
**McGuirewoods LLP**
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: (704) 343-2262
Facsimile: (704) 353-6172

*Counsel for Defendant Bank of America, N.A.*

David Leonard Brown
dbrown@nldhlaw.com
Brady A. Yntema
byntema@nldhlaw.com
**Nelson Levin de Luca & Hamilton, LLC**
800 Green Valley Road, Suite 302
Greensboro, NC 27408
Telephone: (336) 419-4900
Facsimile: (336) 419-4950

Eric R. Dinallo
edinallo@debevoise.com
Robert D. Goodman
rdgoodman@debevoise.com
**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 521-7544

*Counsel for Defendant Illinois Union Insurance Co.*

Kevin Michael O'Brien
obrienk@phelps.com
**Phelps Dunbar LLP**
Glen Lake One
4140 ParkLake Ave
Suite 100
Raleigh, NC 27612
Telephone: (919) 789-5300
Facsimile: (919) 789-5301

*Counsel for Defendant Lloyd's London Certain Underwriters*

This 3rd day of May, 2013

                                                   s/ Robert E. Harrington
                                                   Robert E. Harrington