IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Case No. 3:12-CV-00487

DAVID HOLMES, HERTA S. THEBERGE, MARGUERITE K. POTTER, and the MARGUERITE K. POTTER REVOCABLE TRUST, individually and on behalf of all others similarly situated Individually, and on Behalf of a Rule 23 putative class,

    Plaintiffs,

v.

BANK OF AMERICA, N.A., in its own capacity and as successor by merger to BAC HOME LOANS SERVICING, L.P., SEATTLE SPECIALTY INSURANCE SERVICES, INC., in its own capacity and as successor in interest to COUNTRYWIDE INSURANCE SERVICES, INC., ILLINOIS UNION INSURANCE COMPANY, and CERTAIN UNDERWRITERS AT LLOYD'S LONDON, including all underwriters who underwrote force-placed wind insurance policies for Bank of America, as the insured during the applicable limitations period, and LLOYD'S, UNDERWRITERS, AT LONDON,

    Defendants.

## DEFENDANT ILLINOIS UNION INSURANCE COMPANY'S OBJECTION TO MEMORANDUM AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Illinois Union Insurance Company ("IUI") hereby objects pursuant to Local Rule 72.1 and Federal Rule of Civil Procedure 72(b) to the Magistrate Judge's Memorandum and Recommendation (the "Recommendation") regarding IUI's motion to dismiss the Complaint filed by David Holmes, Herta S. Theberge, Marguerite K. Potter, and the Marguerite K. Potter Revocable Trust (collectively, "Plaintiffs"). IUI respectfully requests that this Court reject the Recommendation and grant IUI's motion to dismiss for

failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

In its summary rejection of IUI's motion, the Magistrate's Recommendation relies on legal precedent that has no applicability to IUI's position as an insurer against which no allegations of misconduct have been made, and improperly treats the claims against IUI as being indistinguishable from those against other defendants. Fundamentally, the Magistrate's Recommendation disregards the fact that IUI is a unique party in this action and, in so doing, permits a claim for unjust enrichment – the only claim against IUI – that is based on the mere fact of IUI's provision of backdated lender-placed insurance ("LPI"). As the cases cited by IUI clearly state, the provision of LPI, a widely accepted and important part of the national housing market, cannot without more support a claim for unjust enrichment. Remarkably, these cases were completely ignored in the Magistrate's Recommendation.

*First*, as pointed out in IUI's memoranda of law in support of its motion to dismiss dated December 17, 2012 and February 21, 2013, there are absolutely no allegations that IUI paid improper commissions or kickbacks. The sole basis for the allegation against IUI is IUI's provision of continuous insurance coverage ("backdating") (Am. Compl. ¶¶ 186-87), which is in itself not unjust enrichment. Instead, it is the "*manipulation* of that [LPI] process, in order to maximize . . . profits, [that] supports the unjust enrichment claim." *Williams v. Wells Fargo Bank, N.A. (Williams I)*, No. 11-

21233-CIV, 2011 WL 4368980, at *10 (S.D. Fla. Sept. 19, 2011) (emphasis added). No such allegations are made against IUI.

***Second***, IUI is not similarly situated to the entities that are typically sued for unjust enrichment, such as banks and agents. Those entities are not insurers and do not provide the product in question, LPI. In this case, IUI received premiums in exchange for bearing the risk associated with its policies over the entire period of coverage. Thus, it was improper for the Magistrate to lump together IUI and other defendants because IUI performed a service in exchange for premium payments – and thus no unjust enrichment claim can arise.

The Magistrate's one-sentence analysis of IUI's motion to dismiss cites just three cases, none of which involved a claim for backdating coverage against an *insurer*:

- *Ulbrich v. GMAC Mort., LLC*, No. 11-62424-Civ., 2012 WL 3516499, at *3 (S.D. Fla. Aug. 15, 2012) – allegations against a mortgage servicer and insurance agent regarding the charging of "inflated premiums . . . through improper means by offering [the servicer] kickbacks," which the court found was a "manipulation" of the process that supported an unjust enrichment claim.

- *Williams I*, 2011 WL 4368980, at *11 – allegations against insurance agents regarding insurance policies that were "unreasonably, uncompetitively, and excessively priced for the sole purpose of maximizing profits and kickbacks" (internal quotations omitted).

- *Abels v. JPMorgan Chase Bank, N.A.*, 678 F. Supp. 2d 1273, 1276 (S.D. Fla. 2009) – allegations against a lender only regarding excessive rates and self-dealing.

Similarly, no cases cited by Plaintiffs involve an unjust enrichment claim against an insurer based solely on continuous coverage or backdating. In the cases Plaintiffs cite – *Ellsworth v. U.S. Bank, N.A.*, No. C 12-02506, 2012 WL 6176905, at *19 (N.D. Cal.

3

Case 3:12-cv-00487-MOC-DSC   Document 134   Filed 05/03/13   Page 3 of 7

Dec. 11, 2012), *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 964 (N.D. Cal. 2012), *Williams v. Wells Fargo Bank, N.A. (Williams II)*, No. 11-21233-CIV, 2011 WL 4901346, at *5-6 (S.D. Fla. Oct. 14, 2011), *Lass v. Bank of Am., N.A.*, 695 F.3d 129, 140-41 (1st Cir. 2012), and *Morris v. Wells Fargo Bank, N.A.*, No. 2:11cv474, 2012 WL 3929805, at *8 (W.D. Pa. Sept. 7, 2012) – the plaintiffs alleged unreasonably high premiums, undisclosed "kickbacks" and commissions, or an improper amount of coverage placed on the property to make out an unjust enrichment claim. In the two cases in which insurers were defendants, *Ellsworth*, 2012 WL 6176905, at *19, and the *Williams* litigation, the allegations included kickbacks and other misconduct.[1]

By contrast, no such conduct has been alleged against IUI. Indeed, cases that have considered the continuous coverage or "backdating" aspect of LPI have uniformly found that it is an equitable and important aspect of policies that provide continuous coverage for the protection of the property and the lender. *Schilke v. Wachovia Mortg., FSB*, 820 F. Supp. 2d 825, 834 (N.D. Ill. 2011), *LaCroix v. U.S. Bank, N.A.*, Civ. No. 11-3326, 2012 WL 2357602, at *5 (D. Minn. June 20, 2012), and *Webb v. Chase Manhattan Mortg. Corp.*, No. 2:05-cv-0548, 2008 WL 2230696, at *19 (S.D. Ohio May 28, 2008). Importantly, the Magistrate's Recommendation ignores these cases.

---

[1] *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 1758878 (N.D. Cal. Apr. 24, 2013) is not to the contrary. In *Lane*, the plaintiffs' backdating allegations related to their breach of contract claims and claims under California's unfair competition statute. *Id.* at *2-3. The *Lane* plaintiffs' unjust enrichment claims were based on allegations of kickbacks – not backdating. *Id.*

The reason Plaintiffs did not cite cases to support their claim against IUI is because continuous coverage provided in exchange for a payment does not unjustly enrich IUI. As numerous regulators, legislatures, consumer protection advocates, and other government-sponsored entities have recognized, LPI serves an important function in the national housing market. (Mem. in Supp. of IUI's Mot. to Dismiss at 3-4, 17-21.) Any allegations of abusive practices in Plaintiffs' Amended Complaint are made against other defendants, and not IUI. IUI simply provided continuous insurance coverage to Plaintiffs in return for payment, which does not form the basis of an unjust enrichment claim.

## CONCLUSION

For these reasons, as well as those set forth in IUI's memoranda in support of its motion to dismiss, IUI respectfully requests that the Court dismiss the Plaintiffs' Amended Complaint with prejudice.

This the 3rd day of May, 2013.

Respectfully submitted,

s/David L. Brown
David L. Brown
N.C. State Bar No. 18942
Brady A. Yntema
N.C. State Bar No. 25771
NELSON LEVINE DeLUCA & HAMILTON LLC
800 Green Valley Road, Suite 302
Greensboro, NC 27408
Telephone: 336.419.4900
Facsimile: 336.419.4950

Eric R. Dinallo
Robert D. Goodman
Miranda H. Turner
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022

*Attorneys for Defendant Illinois Union Insurance Co.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of this Court on May 3, 2013, using the CM/ECF system which will send notification of such filing to all counsel of record for all interested parties to this action.

This the 3rd day of May, 2013.

        s/David L. Brown
        David L. Brown
        N.C. State Bar No. 18942
        Brady A. Yntema
        N.C. State Bar No. 25771
        NELSON LEVINE DeLUCA & HAMILTON LLC
        800 Green Valley Road, Suite 302
        Greensboro, NC 27408
        Telephone: 336.419.4900
        Facsimile: 336.419.4950

        Eric R. Dinallo
        Robert D. Goodman
        Miranda H. Turner
        DEBEVOISE & PLIMPTON LLP
        919 Third Avenue
        New York, NY 10022

        *Attorneys for Defendant Illinois Union Insurance Co.*