IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:12-cv-00487-MOC-DSC

DAVID HOLMES, HERTA S. THEBERGE, MARGUERITE K. POTTER, and the MARGUERITE K. POTTER REVOCABLE TRUST, individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

BANK OF AMERICA, N.A., in its own capacity and as successor by merger to BAC Home Loans Servicing, L.P., SEATTLE SPECIALTY INSURANCE SERVICES, INC., in its own capacity and as successor in interest to COUNTRYWIDE INSURANCE SERVICES, INC., ILLINOIS UNION INSURANCE COMPANY, and CERTAIN UNDERWRITERS AT LLOYD'S LONDON, including all underwriters who underwrote force-placed wind insurance policies for Bank of America, as the insured during the applicable limitations period and LLOYD'S UNDERWRITERS AT, LONDON,

        Defendants.

## PLAINTIFFS' RESPONSE TO LLOYD'S OBJECTIONS TO MAGISTRATE'S MEMORANDUM AND RECOMMENDATION

## INTRODUCTION

The backdated force-placed wind insurance coverage that Certain Underwriters at Lloyd's, London and Lloyd's, Underwriters at, London ("Lloyd's" or "Defendant") provided to Plaintiff Herta Theberge ("Theberge" or "Plaintiff") was worthless. This insurance "covered" a period of time that had already elapsed, and for which there was therefore no risk of loss. The contract between Bank of America and Lloyd's makes clear that the policy was worthless, because it stated that Lloyd's would not issue backdated policies to cover periods of time in which a loss had already occurred. *See* Policy § VIII.B.1, ECF No. 94-2 at 3 ("coverage for each described location shall commence on the date and for the amounts of insurance you have requested, ***provided that no loss has occurred or is in progress as of your request date***.") (emphasis added). Thus, Lloyd's would only issue backdated policies when no damage had occurred to the property, and there was zero chance that it would have to pay claims on the policies. Plaintiff was forced to purchase this worthless insurance; she simply had no say in the matter. Lloyd's was unjustly enriched by retaining insurance premiums for which it bore no risk of loss.

In its Objections to the Magistrate Judge's Recommendation, Lloyd's attempts to obscure these facts by complaining about alleged insufficiencies in the Magistrate's opinion. However, Lloyd's cannot prevail merely by lamenting that the Magistrate's Recommendation did not address Lloyd's arguments to its satisfaction. Rather, Lloyd's must affirmatively demonstrate that it is entitled to prevail. It cannot do so, because Plaintiff has both stated a cause of action for unjust enrichment and shown that it is entitled to jurisdictional discovery from Defendant. Lloyd's motion should be denied.

# ARGUMENT

## I. Standard Of Review.

Review of the Magistrate's Recommendation is *de novo*. Fed. R. Civ. Proc. 72(b)(3). To state a claim pursuant to Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this standard, it is not necessary to plead "detailed factual allegations"; all that is required is that the complaint contain sufficient factual content that, when accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard is not akin to a "probability requirement." *Id.* Rather, it merely requires enough factual allegations "to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

To have standing pursuant to Rule 12(b)(1), a plaintiff must demonstrate an actual injury that is concrete and particularized, a causal connection between the injury and the conduct complained of, and that the injury is redressable. *U.S. v. Hays*, 515 U.S. 737 (1995). While demonstrating standing is the plaintiff's burden, when a defendant makes a factual, as opposed to a facial, challenge to standing by introducing evidence, the plaintiff has a right to appropriate discovery and a hearing to dispute the defendant's factual allegations. *In re CP Ships Ltd. Sec. Litig.*, 578 F.3d 1306, 1312 (11th Cir. 2009) ("In a factual challenge, the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss.") (abrogated on other grounds by *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869 (2010)).

## II. Plaintiff Has Stated A Cause Of Action For Unjust Enrichment.

Plaintiff has stated a cause of action for unjust enrichment for the simple reason that her allegations set forth in the Complaint fulfill all of the required elements. To state a claim for

unjust enrichment under Florida law, a plaintiff must show: (1) the plaintiff has conferred a benefit on the defendant, who had knowledge thereof; (2) the defendant voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. *Williams v. Wells Fargo Bank, N.A.*, No. 11-21233-CIV, 2011 WL 4368980, at *8 (S.D. Fla. Sept. 19, 2011) ("*Williams I*"). In her Complaint, Plaintiff has done precisely that.

Specifically, Plaintiff conferred a benefit upon Lloyd's when she was forced to pay for backdated force-placed insurance. Lloyd's accepted this benefit, issued a worthless insurance policy and retained the premiums. Because the policy was valueless and the premiums were imposed upon Plaintiff without her making the affirmative choice to purchase the policy, it would be inequitable for Lloyd's to retain them. First Amended Complaint, ECF No. 40 ("FAC" or "Complaint") at ¶¶ 66-67, 132.

It is not hyperbole to say that the backdated policy issued by Lloyd's was worthless. Backdated insurance, which covers time periods which have already elapsed, could only have any potential value if there was a possibility that the covered property was already damaged on the date that the backdated insurance was purchased. However, the contract between Defendant and Bank of America, quoted on page 1 above, makes clear that Defendant would not issue policies for properties in which damage had already occurred. Additionally, as alleged in the Complaint, Defendant subscribes to storm tracking and reporting services which allow it to determine whether events covered by the policies at issue (windstorms, hail storms and hurricanes) have occurred in the area of the property to be insured during the time period to be covered by the policy. *See* FAC ¶ 132. Put simply, before issuing a backdated policy, Defendant is able to check archived weather reports to ensure that no potentially damaging

3

storms have occurred in the area of the property to be covered and in the time period to be covered.  If such storms have occurred, Defendant has the right, pursuant to its contract with Bank of America, to refuse to issue the policy.  Pursuant to this scheme, Lloyd's was assured that there was no risk of loss whatsoever associated with its force-placed wind-storm insurance.  Allowing Defendant to retain premiums for insurance that covers a time period which has already elapsed and which has no associated risk of loss would be inequitable, and would unjustly enrich Defendant at Plaintiff's expense.

### A. Plaintiff's Response to Defendant's First Objection: The Magistrate Correctly Determined that Plaintiff Stated a Claim.

Rather than address the actual elements of unjust enrichment, Defendant instead attacks the nomenclature used by the Magistrate to refer to it.  Lloyd's effort to create a legal issue from the Magistrate's use of the term "insurance defendants" is unavailing.  Even if Lloyd's were to prevail in its assertion that the Magistrate conflated it with some of the other Defendants in this case, that would not change the fact that Plaintiff has stated a cause of action for unjust enrichment pursuant to Rule 12(b)(6).  *See* Plaintiff's Response in Opposition to Lloyd's Motion to Dismiss ("Plaintiff's Response"), ECF No. 99, at 6-15.

The central assertion raised in Defendant's first objection is that the Magistrate recommended denying the motion to dismiss (related to force-placed, backdated and worthless insurance) while citing to cases which relate to *both* backdating and improper commissions.  *See* Memorandum and Recommendation ("Recommendation"), ECF No. 126, at 7, *citing Ulbrich v. GMAC Mort., LLC*, No. 11-62424, 2012 WL 3516499, at *1-3 (S.D. Fla. Aug. 15, 2012); *Williams I* at *1-2, *8-10; *Abels v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 1273, 1276 (S.D. Fla. 2009).  This is not a valid objection for three separate and independent reasons.

4

*First*, the cases cited by the Magistrate are directly on point because they refuse to dismiss unjust enrichment allegations in cases involving backdating of force-placed insurance. *See Williams I* at *2 (allowing claim to proceed when forced-place policy was "backdated over four months…notwithstanding the fact that there was no damage to the property or claims arising out of the property" for that period); *Ulbrich* at *3 (allowing unjust enrichment claim to proceed and rejecting defendant's argument that forced-place policy at issue was "not worthless because it was backdated only six months."). That these cases also address additional aspects of the defendants' conduct is immaterial and irrelevant. The analysis in those cases makes clear that the outcomes would have been the same even if the backdating allegations stood alone. *See Id.*

*Second*, Defendant fails to present any precedent contrary to the cases relied upon by the Magistrate. Defendant complains that the cases cited by the Magistrate address backdating and other issues simultaneously, but fails to cite a single case, either related to backdating alone or related backdating and other issues, holding that backdating allegations of the type raised by Plaintiff do not state a cause of action for unjust enrichment.

*Third*, the cases cited by the Magistrate are far from the only cases that have upheld claims for unjust enrichment based on similar backdating allegations. *See, e.g.*, *Williams v. Wells Fargo Bank N.A.* ("*Willaims II*"), No. 11-21233-CIV, 2011 WL 4901346, at *2-4 (S.D. Fla. Oct. 14, 2011) (holding that claim could proceed where the plaintiffs alleged that the defendant "retroactively" purchased backdated force-placed policies) (applying Florida law); *Lass v. Bank of Am.*, 695 F.3d 129, 138-142 (1st Cir. 2012) (holding that the plaintiff stated a claim for unjust enrichment based on backdating allegations); *Ellsworth v. U.S. Bank, N.A.*, No. C 12-02506 LB, 2012 WL 6176905, at *19 (N.D. Cal. Dec. 11, 2012) (denying insurance company's motion to dismiss the plaintiff's unjust enrichment claim premised on its receipt of

5

improper benefits, including "premiums for backdated insurance policies"); *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 938-39, 964 (N.D. Cal. 2012) (holding that the plaintiff stated a valid claim by alleging that the defendant backdated "force-placed insurance policies to cover time periods which had already passed and for which there was already absolutely no risk of loss").

Similar to the holdings in the above-cited cases, the Magistrate correctly held that Plaintiff's unjust enrichment claim against Defendant here should proceed to discovery. This Court should affirm the Magistrate's Recommendation.

### B. Plaintiff's Response to Defendant's Second Objection: Defendant's Reasserted Arguments Are Meritless.

Defendant's second objection merely restates a number of arguments made unsuccessfully before the Magistrate, incorporating prior briefing and making no additional argument. In response, Plaintiff incorporates her responses contained in her briefing before the Magistrate. Plaintiff will also briefly respond to each of Defendant's arguments below.

First, Defendant inexplicably complains about the Magistrate relying on federal, rather than state, precedent. Defendant's Memorandum In Support of Objections ("Defendant's Memo"), ECF No. 128-1, at 6-7, 8. This is a prime example of Defendant focusing on issues that are entirely irrelevant to the merits of this matter. As noted above, the federal cases cited by the Magistrate are directly on point, and they interpret Florida law, which the parties agree should be applied here. Defendant gives no reason why the Magistrate erred in citing these cases as opposed to its preferred state cases. Defendant characterizes the weight afforded by the Magistrate as "undue" but offers no explanation as to why it was undue or how reliance on state court authority would have changed the outcome.

6

Contrary to the argument in Defendant's first bullet point on page 7 of its brief, Plaintiff has properly alleged that she directly conferred a benefit on Defendant. *See* Plaintiff's Response at 6-9. The fact that Plaintiff paid Bank of America for backdated, worthless insurance coverage and Bank of America, in turn, paid Lloyd's, is a distinction without a difference under Florida law. While the benefit conferred must be a "direct benefit," that does not mean that there must be direct contact between the plaintiff and the defendant. *See, e.g., Williams II*, 2011 WL 4901346, at *5; *Williams I*, 2011 WL 4368980, at *9; *Ulbrich*, 2012 WL 3516499, at *2. As explained in *Williams I*, a case which involved a similar unjust enrichment claim premised upon the benefits an insurance agency received in connection with the force-placement of insurance:

> [J]ust because the benefit conferred by Plaintiffs on Defendants did not pass directly from Plaintiffs to Defendants—but instead passed through a third party—does not preclude an unjust-enrichment claim. Indeed to hold otherwise would be to undermine the equitable purpose of unjust enrichment claims. It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the "benefit" passed through an intermediary before being conferred on a defendant.

*Williams I*, 2011 WL 4368980, at *9 (internal citations omitted).

With respect to Defendant's second bullet point on page 7 of its brief, Plaintiff has also properly pleaded in her Complaint that it would be unjust for Defendant to retain the premiums at issue in this case. *See* Plaintiff's Response at 9-13. As explained on pages 3-4, above, Defendant's contract with Bank of America and its own internal procedures ensured that the backdated insurance at issue had no risk of loss associated with it. Plaintiff was involuntarily forced-placed with this valueless insurance, which would never under any circumstances be used to pay a claim. As noted above, numerous courts, including courts applying Florida law, have held that plaintiffs asserting such backdating claims have stated a cause of action for unjust enrichment.

7

Defendant's next argument fares no better. With respect to its third bullet point, Defendant is incorrect when it asserts that there can be no unjust enrichment cause of action here because there is a contract concerning "the same subject matter." *See* Plaintiff's Response at 13-15. This argument fails because it ignores that Defendant is not a party to the "contract" which Lloyd's alleges governs the same subject matter, namely the mortgage between Plaintiff and Bank of America. The existence of that contract might mean that Plaintiff cannot recover on an unjust enrichment claim against Bank of America, but it has no effect on Plaintiff's ability to bring a claim *against Lloyd's*. Plaintiff's right to assert unjust enrichment claims against entities that are not parties to her mortgage contract is unaffected. *See McNorton v. Pan Am. Bank of Orlando*, 387 So.2d 393, 399 (Fla. Dist. Ct. App. 1980) (holding that in order for a remedy at law to bar a claim for equitable relief both claims must be asserted against the same person); *accord Williams I*, 2011 WL 4368980, at *11 (rejecting insurance company's argument that plaintiffs' unjust enrichment claim was barred by the mortgage contract, since the insurance company "was not a party to the mortgage contract"); *Morris v. Wells Fargo Bank, N.A.*, No. 2:11CV474, 2012 WL 3929805, at *10 (W.D. Pa. Sept. 7, 2012) (allowing unjust enrichment claim to proceed against an insurance company based on allegedly improper kickbacks in connection with force-placed insurance, even though the mortgage contract barred the plaintiff's unjust enrichment claim against the bank).

Finally, Defendant's argument under its fourth bullet point on page 8 of its brief is incorrect in asserting that Plaintiff has failed to state a claim because she did not specify the state law that applies. *See* Plaintiff's Response at 3-4. As recognized by the Magistrate, Plaintiff has repeatedly stated in her briefing that Florida law applies, and no party disagrees with that assertion. Defendant has never offered any caselaw from either the Fourth or the Eleventh

8

Circuit to support its assertion that this information needs to be set forth in a complaint, and of course this would be contrary to Fed. R. Civ. P. 8.

### III. The Magistrate Properly Recommended That Lloyd's Standing Motion Be Denied, And That Plaintiff Should Be Granted The Right To Take Jurisdictional Discovery.

On the issue of standing, Defendant takes issue with the Magistrate's opinion without truly addressing the merits of the dispute. Defendant characterizes the Magistrate's standing ruling as consisting of "one sentence, which actually provides no explanation at all." Defendant's Memo at 8. In fact, the Magistrate's opinion on standing spans two pages, and cogently explains why jurisdictional discovery is warranted here. Recommendation at 7-8. The Court should follow the Magistrate's Recommendation, deny Defendant's Rule 12(b)(1) motion without prejudice, and permit Plaintiff to engage in jurisdictional discovery.

#### A. Plaintiff's Response to Defendant's Third Objection: Defendant's Factual Challenge to Plaintiff's Standing Entitles Her to Jurisdictional Discovery.

Defendant asserts that Lloyd's consists of a number of "names" and "syndicates" who subscribe to various insurance policies. The Complaint names as Defendants Lloyd's in its entirety ("Lloyd's Underwriters at, London") and all of those names and syndicates that subscribe to Bank of America force-placed wind insurance policies ("Certain Underwriters at Lloyd's London"). FAC ¶ 22-23. In support of its motion to dismiss, Defendant attached a declaration from Mark Hicks, who purports to enumerate the syndicates which subscribed to Plaintiff's policy. Defendant then asserts that, based on Hick's one-page untested declaration, that Plaintiff lacks standing as to all other syndicates and Lloyd's entities, and that "Lloyd's Underwriters at, London" is "non-existent." *See* Defendant's Memo in Support of Motion to Dismiss, ECF No. 94-1 at 5 n. 8, 23 n. 30.

9

These assertions are troubling for a number of reasons, several of which were expressed by the Magistrate. First, "Lloyd's Underwriters at, London," the entity that Defendant asserts is "non-existent," is the *only* Lloyd's entity licensed to issue insurance in the State of Florida. Plaintiff's Response at 17, citing Steenhoek Decl., Ex. 1 (ECF No. 99-2). It appears that for regulatory processes, Lloyd's purports to be a single entity, but when faced with liability, it attempts to splinter itself into as many discrete pieces as possible. Plaintiff's Response contains several additional examples of Lloyd's representing that it was a unitary entity or behaving like a unitary entity. *See* Plaintiff's Response at 17-19. For these reasons, the Magistrate, specifically referring to Defendant's Florida insurance license, correctly concluded that discovery related to Lloyd's corporate form is warranted. Recommendation at 8.

Additionally, and even more troubling, is that Defendant is requesting that entities be permanently dismissed from this lawsuit without even identifying who they are. Plaintiff filed suit against Lloyd's in its entirety, not merely specific subscribers. Defendant, in unexamined and conclusory testimony encompassing matters outside the Complaint, has identified several entities associated with Plaintiff's specific policy and requested that all other Lloyd's entities be dismissed. This, however, leaves several basic factual questions unanswered, including:

- How many entities is Defendant seeking to dismiss?
- Who are the parties that Defendant is seeking to dismiss?
- What conduct did these entities engage in concerning this lawsuit?

Fortunately, as the Magistrate recognized, there is a mechanism to answer these basic questions before *permanently* dismissing parties from this litigation: jurisdictional discovery. Such discovery is warranted here. *See* Plaintiff's Response at 15-17.

10

The Magistrate's Recommendation also correctly noted, with respect to standing, that "Lloyd's concedes that [its argument] is a factual, rather than a legal argument." Recommendation at 8; *see* Defendant's Memo in Support of Motion to Dismiss, ECF No. 94-1 at 22 ("[Defendant is] asserting a factual (rather than facial) challenge to standing."). The precedent cited by Plaintiff is very clear that when a defendant relies on factual allegations to challenge a court's jurisdiction, the plaintiff must have an opportunity to test those factual allegations through discovery. *In re CP Ships Ltd. Sec. Litig.,* 578 F.3d at 1312 ("In a factual challenge, the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss."); *Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1243 (11th Cir. 1991); *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727 (11th Cir. 1982) (reversing district court's dismissal on 12(b)(1) and remanding for jurisdictional discovery); *Chatham Condominium Ass'n v. Century Village, Inc.*, 597 F.2d 1002 (5th Cir. 1979); *Hopper v. Solvay Pharmaceuticals, Inc.*, 590 F. Supp. 2d 1352, 1358 (M.D. Fla. 2008), *aff'd*, 588 F.3d 1318 (11th Cir. 2009).

This Court should follow the Magistrate's Recommendation and the well-established precedent set forth above, deny Defendant's motion concerning standing and grant Plaintiff the right to engage in jurisdictional discovery in the same areas recommended by the Magistrate.

### B. **Plaintiff's Response to Defendant's Fourth Objection: The Contents of the Contract Between Bank of America and Lloyd's Resolve Nothing.**

In its final argument on page 9 of its brief, Defendant asserts that the Hicks Declaration is corroborated by the contract between Bank of America and Defendant, and that no further discovery is necessary. This argument is unavailing. *See* Plaintiff's Response at 4-6. The fact that the contract identifies the same syndicates as the Hicks Declaration does nothing to obviate the concerns above regarding Lloyd's as a unitary entity, and the uncertainties surrounding the

11

identity of the entities that Defendant seeks to dismiss. Therefore, the contents of the contract does nothing to undermine the Magistrate's conclusion that jurisdictional discovery is warranted in this case.

## CONCLUSION

Based upon the foregoing reasons, Plaintiff respectfully requests that Defendant's objections be overruled, that the Magistrate's recommendations be adopted in full, that Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be denied, that Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) be denied without prejudice, and that Plaintiff be permitted to engage in jurisdictional discovery regarding the subject areas recommended by the Magistrate.

Dated: May 17, 2013                            Respectfully submitted,


/s/Joseph C. Hashmall
**NICHOLS KASTER, PLLP**
E. Michelle Drake, MN Bar No. 0387366*
Joseph C. Hashmall, MN Bar No. 0392610*
　　*admitted *pro hac vice*
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
E-mail: drake@nka.com
　　　　jhashmall@nka.com

**BERGER & MONTAGUE, P.C.**
Shanon J. Carson*
Patrick F. Madden*
Lawrence Deutsch**
Robin Switzenbaum**
　　*admitted *pro hac vice*
　**pro hac vice* applications forthcoming
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Fax: (215) 875-4604

12

Email: scarson@bm.net
pmadden@bm.net
ldeutsch@bm.net
rswitzenbaum@bm.net

**TAUS, CEBULASH & LANDAU, LLP**
Brett Cebulash**
　　**pro hac vice* application forthcoming
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (212) 931-0704
Fax: (212) 931-0703
Email: bcebulash@tcllaw.com

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
Scott A. Shorr**
Tim S. DeJong**
　　**pro hac vice* applications forthcoming
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Fax: (503) 227-6840
Email: sshorr@stollberne.com
tdejong@stollberne.com

**WHITEFIELD BRYSON & MASON, LLP**
Daniel K. Bryson, NC Bar No. 15781
Karl Amelchenko, NC Bar No. 43387
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Fax: (919) 600-5035
Email: dan@wbmllp.com
karl@wbmllp.com

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Peter A. Muhic*
Edward W. Ciolko**
Donna Siegel Moffa**
Amanda Trask**
　　* admitted *pro hac vice*
　**pro hac vice* applications forthcoming
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

13

Fax: (610) 667-7056  
E-mail: pmuhic@ktmc.com  
       eciolko@ktmc.com  
       dmoffa@ktmc.com  
       atrask@ktmc.com  

**GROSSMAN ROTH, P.A.**  
Seth E. Miles**  
    ** *pro hac vice* application forthcoming  
2525 Ponce de Leon Blvd., Suite 1150  
Coral Gables, FL 33134  
Telephone: (888) 296-1681  
Fax: (305) 285-1668  
Email: SEM@grossmanroth.com  

**SHAPIRO HABER & URMY LLP**  
Adam S. Stewart**  
    ** *pro hac vice* application forthcoming  
53 State Street  
Boston, MA 02109  
Telephone: (617) 439-3939  
Fax: (617) 439-0134  
Email: astewart@shulaw.com  

**ATTORNEYS FOR PLAINTIFFS AND THE CLASSES**

## CERTIFICATE OF SERVICE

      I, Joseph C. Hashmall, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 17, 2013.


Dated:  May 17, 2013                        /s/Joseph C. Hashmall