UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00487-MOC-DSC

| | |
|---|---|
| **DAVID HOLMES, et al.,** )<br>)<br>Plaintiffs, )<br>)<br>Vs. )<br>)<br>**BANK OF AMERICA, N.A., et al.,** )<br>)<br>Defendants. ) | ORDER |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Defendants filed objections within the time allowed and plaintiffs filed responses.[1]

### FINDINGS and CONCLUSIONS

**I.  Introduction**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de*

---

[1]  Fed.R.Civ.P. 72(b)(2) (replies are not anticipated by the rule).

1

*novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

## II.  The Recommendation, Objections, and Responses

The court has carefully considered the magistrate judge's findings and recommendation as to the disposition of the following motions:

(1)  "Defendant Seattle Specialty Insurance Services, Inc.'s Motion to Dismiss Amended Complaint" ( #70);

(2)  "Defendant Illinois Union Insurance Company's Motion to Dismiss Plaintiffs' Amended Complaint" ( #72);

(3)  "Defendant Bank of America's Motion to Dismiss Plaintiffs David Holmes, Marguerite K. Potter, and the Marguerite K. Potter Revocable Trust Under Rule 12(b)(6)" ( #87); and

(4)  "Defendant Certain Underwriters' Motion to Dismiss First Amended Complaint for Failure to State a Claim and for Lack of Subject Matter Jurisdiction" (#94).

The magistrate judge recommended that each motion be denied, but that such denial be without prejudice as to defendant Seattle Specialty Insurance Services, Inc.'s Motion to

Dismiss (#70) as to later challenging successor-in-interest liability, and as to the Rule 12(b)(1) aspects of defendant Certain Underwriters' Motion to Dismiss (#87).

The magistrate judge advised the parties of their right to object to such recommendations, and the following defendants filed objections:

(1) defendant "Certain Underwriters at Lloyd's, London including all underwriters at Lloyd's London who underwrote force-placed wind insurance policies for Bank of America as the insured during the applicable statute of limitations period's" (hereinafter "Lloyd's") Objection (#128);

(2) defendant Seattle Specialty Insurance Services, Inc.'s (hereinafter "Seattle") Objection (#133);

(3) defendant Illinois Union Insurance Company's (hereinafter "Illinois") Objection (#134); and

(4) defendant Bank of America, N.A.'s (hereinafter "BOA") Objection (#135).

As permitted, plaintiffs have filed timely responses to such objections. Having carefully considered each recommendation, each objection, the response to each objection, and considered anew the Amended Complaint and the motions to dismiss, the court will overrule each objection and affirm the recommendation of the magistrate judge in its entirety.

3

### III. Discussion

#### A. Lloyd's Objections

##### 1. Rule 12(b)(6)

Plaintiff Herta Theberge contends that Defendant Lloyd's provided backdated, force-placed, wind insurance coverage that was worthless and that in so doing, Lloyd's was unjustly enriched. She contends that the backdated policy she was forced to buy would *only* be issued when no damage had occurred, and Lloyd's had zero risk of loss. The magistrate judge has recommended that Lloyd's Rule 12(b)(6) Motion to Dismiss be denied.

Lloyd's first objection appears to be that the magistrate judge conflated allegations against other defendants in determining that Plaintiff Theberge stated a cause of action. To state a claim for unjust enrichment under Florida law, a plaintiff must show:

(1) plaintiff has conferred a benefit on the defendant, who had knowledge thereof;

(2) defendant voluntarily accepted and retained the benefit conferred; and

(3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.

<u>Williams v. Wells Fargo Bank, N.A.</u>, 2011 WL 4368980, at *8 (S.D. Fla. Sept. 19, 2011) ("Williams I"). In reviewing the Amended Complaint, Plaintiff Therberge has sufficiently alleged that she conferred a benefit upon Lloyd's when she was allegedly

4

forced to pay for backdated, force-placed insurance, that only provided coverage for a period in which it could be predetermined that no loss was sustained. See Williams I. Plaintiff has alleged that Lloyd's accepted this benefit, issued her a worthless insurance policy and retained her premiums. Further, Plaintiff Therberge has made sufficient allegations that it would be inequitable for Lloyd's to retain her premiums as she has plausibly alleged that the policy was valueless and the premiums were imposed without her making the affirmative choice to purchase the policy. See First Amended Complaint ("FAC") (#40) at ¶¶ 66-67, 132. Further, it appears that other courts have addressed similar claims of unjust enrichment based on backdating policies and allowed those claims to proceed. Williams v. Wells Fargo Bank N.A. 2011 WL 4901346, at *2-4 (S.D. Fla. Oct. 14, 2011) ("Williams II") (holding that claim could proceed where the plaintiffs alleged that the defendant "retroactively" purchased backdated force-placed policies under Florida law); Lass v. Bank of Am., 695 F.3d 129, 138-142 (1st Cir. 2012) (holding that the plaintiff stated a claim for unjust enrichment based on backdating allegations); Ellsworth v. U.S. Bank, N.A., 2012 WL 6176905, at *19 (N.D. Cal. Dec. 11, 2012) (denying insurance company's motion to dismiss the plaintiff's unjust enrichment claim premised on its receipt of improper benefits, including "premiums for backdated insurance policies"); and McNeary-Calloway v. JP Morgan Chase Bank, N.A., 863 F. Supp. 2d 928, 938-39, 964 (N.D. Cal. 2012) (holding that the plaintiff stated a valid claim by alleging that the defendant backdated "force-placed insurance policies to cover time periods which had already passed and for which there was already absolutely no risk of loss").

As to the remainder of Lloyd's objections to the Rule 12(b)(6) motion, the court finds that such are no more than a repackaging of arguments it made in support of its Motion to Dismiss. The magistrate has appropriately addressed those arguments and this court can find no error in the reasoning of the magistrate or the law he relies on. Independent review of the allegations of the First Amended Complaint fully support such determination. Lloyd's objections to the Rule 12(b)(6) recommendation are overruled.

### 2. Rule 12(b)(1)

Lloyd's has also objected to the magistrate judge's Recommendation that the Rule 12(b)(1) motion be denied without prejudice, arguing that the standing ruling consists of "one sentence, which actually provides no explanation at all." Lloyd's Obj. at 8. Contrary to such objection, it is clear that the magistrate judge recommended that Lloyd's Rule 12(b)(1) motion based on standing be denied without prejudice so that the parties could engage in jurisdictional discovery, a determination fully supported by prevailing case law and needing little explanation.

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The

6

Case 3:12-cv-00487-MOC-DSC   Document 149   Filed 05/28/13   Page 6 of 17

Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999). Finally, as to Lloyd's contention that the *Hicks Declaration* (identifying the same syndicates identified in the contract between

7

Lloyd's and BOA) makes further discovery unnecessary, the court disagrees as it is plaintiff's burden to support its jurisdictional contentions, and jurisdictional information that could well support such assertion may be found beyond the contract and the *Hicks Declaration*, thereby necessitating discovery. Clearly, the magistrate judge recognized the need for discovery on "material jurisdictional facts," and such objection is overruled.

B. **Seattle's Objections**

Plaintiffs have asserted claims for unjust enrichment and tortious interference with contractual relations against Defendant Seattle in their First Amended Complaint in Seattle individual corporate capacity and in its capacity as successor-in-interest to Countrywide Insurance Services, Inc. ("CIS"). Those claims are rooted in plaintiffs contentions that BOA force-placed backdated and worthless policies of insurance, and that Seattle was enriched through kickbacks, commissions, and fees. The magistrate judge recommended that Seattle's Motion to Dismiss such claims be denied. Seattle has objected to such recommendation, taking issue with the brevity of the magistrate judge's discussion. "Brevity" is not a cognizable objection. "Length has never been a substitute for cogent terseness. Judicial brevity is certainly a virtue that ought to be encouraged." United States v. Aguon, 851 F.2d 1158, 1178 (9th Cir. 1988) (dissenting opinion), overruled on other grounds, Evans v. United States, 504 U.S. 255 (1992).

1. **Successor-in-Interest Liability**

Seattle first asserts that plaintiffs' allegations concerning Seattle's successor-in-interest liability is inadequately pled. As did the magistrate judge, this court finds plaintiffs' allegations concerning Seattle's acquisition of CIS to be sufficient to survive

8

Rule 12(b)(6) review as plaintiffs have alleged plausible facts that Seattle assumed and took on some or all of the liabilities of CIS. See FAC at ¶ 20.

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions. First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original). Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a

9

claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 678. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and

internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. at 555

Here, plaintiffs have pled and pointed to sufficient plausible facts to support such claim of successor-in-interest liability against Seattle. Seattle's Objection is overruled.

### 2. The Eleventh Circuit Decision in Virgilio

Seattle also contends that the magistrate judge erred by not considering Virgilio v. Ryland Group, Inc., 680 F.3d 1329 (11th Cir. 2012), which involved homeowners suing developers and their marketing group for failing to disclose that the development was adjacent to a decommissioned bombing range. As to the claim of unjust enrichment, the Virgilio court held that plaintiff had not conferred a benefit on the marketing defendant because the fee received by that defendant was not paid to the marketing company for the houses that plaintiffs sued on, but was a payment by the builder for "marketing services under an entirely separate services contract." Virgilio, 680 F.3d at 1337. In this case, plaintiffs allege that the commissions Seattle received were contained within the premiums they paid for what they contend were worthless, force-placed policies.

Rather than rely on Virgilio, the magistrate judge determined that "Florida federal

11

courts have also upheld claims for unjust enrichment based upon similar allegations of backdating and improper commissions in connection with force placed insurance," M&R (#126) at 7, and cited the cases on which he relied. The fact that those cases predated Virgilio is of no consequence as Virgiolio does not overrule those cases either explicitly or implicitly. Finding Virgilio distinguishable from this case, it was not error for the magistrate judge to disregard such decision and such objection is overruled.

### 3. Tortious Interference Claim

In its final objection, Seattle argues that the magistrate judge failed to adequately examine its Motion to Dismiss plaintiffs' tortious interference claims. In denying such motion, the magistrate judge relied on the decision in Williams I, which held that allegations that an insurance agent paid "commissions" to a bank to induce it to purchase force-placed policies with excessive premiums that were ultimately paid by the borrower, were sufficient to state a claim for tortious interference. Seattle's objection is overruled as the magistrate judge has more than adequately supported his recommendation by reliance on current and factually relevant case law.

Moreover, Seattle has argued that plaintiffs have failed to allege plausible facts that could support each element of a tortious interference claim under Florida law. To state a claim for tortious interference, plaintiffs must sufficiently plead and later prove:

(1)  the existence of a business relationship;

(2)  that defendant had knowledge of the relationship;

(3)  defendant intentionally and unjustifiably interfered
     with the relationship; and

12

> (4) plaintiffs suffered damage as a result.

Gregg v. U.S. Indus., Inc., 887 F.2d 1462, 1473 (11th Cir.1989); Tamiami Trail Tours, Inc. v. J.C. Cotton, 463 So.2d 1126, 1127 (Fla.1985). Assuming without deciding that these elements could be read to require allegations of malice and "non-justification," review of the First Amended Complaint reveals plausible allegations of bad faith, FAC ¶¶ 127-129, 180-181, and non-justification. Id. at ¶ 180. This objection is overruled

### C. Illinois's Objections

Plaintiffs David Holmes and Marguerite K. Potter allege that they were charged for insurance policies which "covered" time periods which had already elapsed, during which no damage to their properties had occurred, and during which Illinois knew or should have known that no loss had occurred. Further, they contend that they did not voluntarily purchase such policies from Illinois, rather, such policies were force-placed by their lenders. Plaintiffs Holmes and Potter contend that Illinois has been unjustly enriched through retention of their premiums.

To state a claim for unjust enrichment under Florida law, plaintiffs must sufficiently plead and later prove:

> (1) plaintiff has conferred a benefit on the defendant, who had knowledge thereof;
>
> (2) defendant voluntarily accepted and retained the benefit conferred; and
>
> (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiffs.

Williams I, 2011 WL at 8. In the First Amended Complaint, plaintiffs have sufficiently

13

Case 3:12-cv-00487-MOC-DSC   Document 149   Filed 05/28/13   Page 13 of 17

alleged plausible facts that could support each element of an unjust enrichment claim. See FAC at ¶¶ 130-133.

Illinois contends that a naked assertion of backdating insurance policies cannot support a claim for unjust enrichment. However, the case Illinois relies on, *Williams I*, does not support the argument as that court allowed an unjust enrichment claim substantially similar to the claim asserted herein to proceed. Illinois also points to other cases, outside of Florida, which reached different result under different law; however, the magistrate judge properly considered cases that applied Florida law, which is applicable in this case. The court can find no error in the magistrate judge's conclusions and the objections asserted by Illinois are overruled.

### D. BOA's Objections

Plaintiffs have asserted two claims against BOA for breach of contract and breach of the implied covenant of good faith and fair dealing based on allegations concerning its force-placed insurance program. The magistrate judge recommended that BOA's Motion to Dismiss these claims be denied.

#### 1. Breach of Contract

BOA first asserts that the magistrate judge's reliance on Martorella v. Deutsche Bank Nat'l Trust Co., 2013 WL 1137514 (S.D. Fla. March 18, 2013), and Karp v. Bank of Am., N.A., 2013 WL 1121256 (M.D. Fla. March 18, 2013), was misplaced as those decisions were based on distinguishable facts and legal theories. The court disagrees with BOA's characterization of those decisions and finds that the magistrate judge properly relied on those decisions.

14

In its second objection, BOA contends that plaintiffs do not state causes of action for breach of contract as the mortgage contracts grant BOA the authority to require certain insurance, purchase that insurance if the plaintiffs fail to do so, and do not prohibit BOA from receiving a commission for obtaining insurance on behalf of their customers. Review of the First Amended Complaint reveals that plaintiffs do not take issue with BOA's authority to force-place certain insurance, FAC at ¶ 164, but go on to allege that the complained of actions exceeded BOA's discretion to do so under such mortgage contracts. Id. Thus, plaintiffs have sufficiently alleged a panoply of conduct that, if later proved, could be the basis for finding that BOA was in breach of the mortgage contracts. BOA's argument that the mortgage contracts allowed some of the conduct which plaintiffs consider to be a breach is better argued at summary judgment. BOA's objections to the magistrate judge's recommendation concerning the breach of contract claim are overruled.

### 2. Implied Covenant of Good Faith and Fair Dealing

The magistrate judge recommended denial of BOA's Motion to Dismiss plaintiffs' claims of breach of the implied covenant of good faith and fair dealing. Similar to North Carolina law, in Florida every contract contains an implied covenant of good faith and fair dealing, requiring that "the parties follow standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations." Abels, 678 F.Supp.2d at 1278-1279. BOA again contends that the recommendation is incorrect as the mortgage contracts afforded BOA broad discretion in requiring insurance. This objection is overruled, as Florida law specifically provides, as follows:

> where the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party.

Id. at 1278. What is reasonable is typically a question of fact, usually left for a jury to decide. Cox v. CSX Intermodal, Inc., 732 So.2d 1092, 1098 (Fla. 1st DCA 1999). Allegations that a bank force-placed backdated insurance policies that were allegedly worthless is sufficient to allege a cause of action for breach of the implied covenant of good faith and fair dealing. See Williams II, 2011 WL at *2-*4. Likewise, plaintiffs have made sufficient plausible allegations concerning kickbacks BOA allegedly received from insurance companies to survive a Rule 12(b)(6) motion on such claim. BOA's objections are overruled.

## IV. Conclusion

After careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues are supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

# ORDER

**IT IS, THEREFORE, ORDERED** that the Objections are **OVERRULED**, the Memorandum and Recommendation (#126) is **AFFIRMED,** and

(1) "Defendant Seattle Specialty Insurance Services, Inc.'s Motion to Dismiss Amended Complaint" ( #70);

(2) "Defendant Illinois Union Insurance Company's Motion to Dismiss Plaintiffs' Amended Complaint" ( #72);

(3) "Defendant Bank of America's Motion to Dismiss Plaintiffs David Holmes, Marguerite K. Potter, and the Marguerite K. Potter Revocable Trust Under Rule 12(b)(6)" ( #87); and

(4) "Defendant Certain Underwriters' Motion to Dismiss First Amended Complaint for Failure to State a Claim and for Lack of Subject Matter Jurisdiction" (#94),

are **DENIED,** but such denial is without prejudice as to defendant Seattle Specialty Insurance Services, Inc.'s Motion to Dismiss (#70) as to later challenging successor-in-interest liability, and as to the Rule 12(b)(1) aspects of defendant Certain Underwriters' Motion to Dismiss (#87).

Signed: May 28, 2013

Max O. Cogburn Jr.
United States District Judge