# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL NO. 12-CV-00487-MOC-DCK

DAVID HOLMES, HERTA S. THEBERGE,
MARGUERITE K. POTTER, and the
MARGUERITE K. POTTER REVOCABLE
TRUST, individually and on behalf of all
others similarly situated,

           Plaintiffs,

v.

BANK OF AMERICA, N.A., in its own
capacity and as successor by merger to BAC
Home Loans Servicing, L.P., SEATTLE
SPECIALTY INSURANCE SERVICES,
INC., in its own capacity and as successor in
interest to COUNTRYWIDE INSURANCE
SERVICES, INC., ILLINOIS UNION
INSURANCE COMPANY, and CERTAIN
UNDERWRITERS AT LLOYD'S
LONDON, including all underwriters who
underwrote force-placed wind insurance
policies for Bank of America, as the insured
during the applicable limitations period and
LLOYD'S UNDERWRITERS AT,
LONDON,

           Defendants.

**STIPULATED PROTECTIVE ORDER**

## STIPULATION

This Stipulated Protective Order ("Protective Order") is entered into by the parties to the
above-captioned action (the "Action"), subject to the approval of the Court, and is intended to
protect from disclosure documents and information the parties deem to be confidential. Nothing
herein is intended to affect the relevance, discoverability, or admissibility into evidence of any
documents or information produced during discovery in the Action. Pursuant to Rule 26(c) of

the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between all parties to the Action, through their respective counsel and subject to the approval of this Court, that this Protective Order may be entered in this Action.

Respectfully submitted,

Dated: September 30, 2013

/s/Joseph C. Hashmall
**NICHOLS KASTER, PLLP**
E. Michelle Drake, MN Bar No. 0387366*
Joseph C. Hashmall, MN Bar No. 0392610*
    *admitted *pro hac vice*
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
E-mail:  drake@nka.com
            jhashmall@nka.com

**BERGER & MONTAGUE, P.C**.
Shanon J. Carson*
Patrick F. Madden*
    *admitted *pro hac vice*
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Fax: (215) 875-4604
Email:  scarson@bm.net
            pmadden@bm.net

**TAUS, CEBULASH & LANDAU, LLP**
Brett Cebulash*
    *admitted *pro hac vice*
 80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone:  (212) 931-0704
Fax:  (212) 931-0703
Email:  bcebulash@tcllaw.com

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
Scott A. Shorr**

Tim S. DeJong**
    \*\**pro hac vice* applications forthcoming
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:  (503) 227-1600
Fax:  (503) 227-6840
Email:  sshorr@stollberne.com
     tdejong@stollberne.com


**WHITEFIELD BRYSON & MASON, LLP**
Daniel K. Bryson, NC Bar No. 15781
Karl Amelchenko, NC Bar No. 43387
900 W. Morgan Street
Raleigh, NC  27603
Telephone: (919) 600-5000
Fax: (919) 600-5035
Email: dan@wbmllp.com
    karl@wbmllp.com


**KESSLER TOPAZ MELTZER & CHECK, LLP**
Peter A. Muhic\*
Edward W. Ciolko\*
Donna Siegel Moffa\*
Amanda Trask\*
    \*admitted *pro hac vice*
280 King of Prussia Road
Radnor, PA   19087
Telephone:  (610) 667-7706
Fax: (610) 667-7056
E-mail: pmuhic@ktmc.com
    eciolko@ktmc.com
    dmoffa@ktmc.com
    atrask@ktmc.com


**GROSSMAN ROTH, P.A.**
Seth E. Miles\*
    \*admitted *pro hac vice*
2525 Ponce de Leon Blvd., Suite 1150
Coral Gables, FL 33134
Telephone: (888) 296-1681
Fax: (305) 285-1668
Email:  SEM@grossmanroth.com

3

**SHAPIRO HABER & URMY LLP**
Adam M. Stewart*
    *admitted *pro hac vice*
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Fax: (617) 439-0134
Email:  astewart@shulaw.com

*Attorneys for Plaintiffs and the Putative Classes*


Dated:  September 30, 2013          /s/Brady A. Yntema_____
                                    David L. Brown, N.C. Bar No. 18942
                                    Brady A. Yntema, N.C. Bar No. 25771
                                    David G. Harris II, N.C. Bar No. 35327
                                    NELSON LEVINE DE LUCAS & HAMILTON, LLC
                                    800 Green Valley Rd, Suite 302
                                    Greensboro, NC 27408
                                    Telephone: 336.419.4900
                                    Fax: 336.419.4950
                                    Email: dbrown@nldhlaw.com
                                            byntema@nldhlaw.com
                                            dharris@nldhlaw.com

                                    DEBEVOISE & PLIMPTON, LLP
                                    Eric R. Dinallo (*pro hac vice*)
                                    Robert D. Goodman (*pro hac vice*)
                                    Miranda H. Turner (*pro hac vice*)
                                    919 Third Avenue
                                    New York, NY 10022
                                    Telephone: 212.909.6000
                                    Fax: 212.909.6836
                                    Email: edinallo@debevoise.com
                                            rdgoodman@debevoise.com
                                            mhturner@debevoise.com

                                    *Attorneys for Defendant Illinois Union Insurance Company*

Dated:  September 30, 2013          /s/Brian LaMacchia_____
                                    David L. Permut (*pro hac vice*)
                                    GOODWIN PROCTER LLP
                                    901 New York Ave, NW
                                    Washington, D.C. 20001

Telephone: 202-346-4182
Fax: 202-346-4444
Email: dpermut@goodwinprocter.com

GOODWIN PROCTER, LLP
Matthew G. Lindenbaum (*pro hac vice*)
Brian M. LaMacchia (*pro hac vice*)
David S. Kantrowitz (*pro hac vice*)
Exchange Place
Boston, MA 02109
Telephone: 617-570-8318
Fax: 617-523-1231
Email: mlindenbaum@goodwinprocter.com
 blamacchia@goodwinprocter.com
 dkantrowitz@goodwinprocter.com

McGUIRE WOODS LLP
Bradley R. Kutrow, NC Bar No. 13851
Brian A. Kahn, NC Bar No. 29291
Steven N. Baker, NC Bar No. 36607
201 N. Tryon St, Suite 3000
Charlotte, NC 28202
Telephone: 704-343-2262
Fax: 704-353-6172
Email: bkutrow@mcguirewoods.com
 bkahn@mcguirewoods.com
 sbaker@mcguirewoods.com

***Attorneys for Defendant Bank of America, N.A.
for itself and as successor by merger to BAC
Home Loans Servicing, L.P.***

Dated: September 30, 2013          /s/Andrew R. Louis_____
Robert E. Harrington, NC Bar No. 26967
Nathan C. Chase, Jr., NC Bar No. 39314
ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon St, Suite 1900
Charlotte, NC 28246
Telephone: 704-377-2536
Fax: 704-378-4000
Email: rharrington@rbh.com
 nchase@rbh.com

BUCKLEY SANDLER LLP
Robyn C. Quattrone
Andrew R. Louis

Katherine Halliday
1250 24th St NW, Suite 700
Washington, D.C. 20037
Telephone: 202-349-8000
Fax: 202-349-8080
Email: rquattrone@buckleysandler.com
          alouis@buckleysandler.com
          khalliday@buckleysandler.com

***Attorneys for Defendant Seattle Specialty Insurance Services, Inc.***

Dated: September 30, 2013          /s/Daina Bray_____
                                   Kevin M. O'Brien, NC Bar No. 43373
                                   Daina Bray, NC Bar No. 44247
                                   PHELPS DUNBAR LLP
                                   GlenLake One
                                   4140 ParkLake Ave, Suite 100
                                   Raleigh, NC 27612
                                   Telephone: 919-789-5300
                                   Fax: 919-789-5301
                                   Email: obrienk@phelps.com
                                          brayd@phelps.com

***Attorneys for Defendants Named as "Certain Underwriters at Lloyd's, London including all underwriters at Lloyd's London who underwrote force-placed wind insurance policies for Bank of America as the insured during the applicable statute of limitations period"***

# PROTECTIVE ORDER

STIPULATED, AGREED, AND ORDERED:

1.       Any party in this Action or any third party to whom a subpoena is issued in this Action ("Producing Party") shall have the right to designate any material (including, but not limited to, exhibits, documents and things produced by any party or witness, answers to interrogatories, responses to requests for admissions, responses to requests for production, declarations, affidavits, and deposition testimony or transcripts, including the information contained therein whether in note or summary form) as confidential if the material contains trade secret information, confidential business information, private personal information, or other information that qualifies for protection under Fed. R. Civ. P. 26(c) or applicable law, and the material is not otherwise in the public domain. As used herein, documents and other information so designated, including without limitation any extracts or summaries of such documents and other information, shall be referred to as "Confidential Information." Any use of any such Confidential Information shall be covered by the provisions of this Protective Order. Information or material which is available to the public shall not be considered confidential.

2.       Because proprietary, confidential and/or competitively sensitive documents or information may be the subject of discovery requests, any Producing Party shall have the right to designate any material as "Attorneys' Eyes Only" if the material contains proprietary, confidential and/or competitively sensitive information the disclosure of which could cause competitive harm. As used herein, documents and other information so designated, including without limitation any extracts or summaries of such documents and other information, shall be referred to as "Attorneys' Eyes Only Information." Any use of any such Attorneys' Eyes Only Information shall be covered by the provisions of this Protective Order. Information or material which is available to the public shall not be considered Attorneys' Eyes Only Information.

3.       A Producing Party may designate documents containing information deemed confidential by that party as Confidential Information or Attorneys' Eyes Only Information by stamping or otherwise clearly marking the same as "CONFIDENTIAL," or "ATTORNEYS'

EYES ONLY" or by otherwise notifying the parties to the Action that materials are to be treated as Confidential Information or Attorneys' Eyes Only Information in accordance with this Stipulated Protective Order. In the case of electronically stored discovery material, the designation of material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall appear in the database field entitled "TREATMENT" that relates to each document.

4. A Producing Party may designate portions of deposition testimony as containing Confidential Information or Attorneys' Eyes Only Information by so indicating on the record during such deposition, in which case the court reporter shall clearly mark such designated portion of the transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall clearly mark the front of the transcript with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". All deposition transcripts shall be treated as Confidential Information for up to and including thirty (30) days after receipt of the transcript, within which time counsel for any party may designate a portion or all of the transcript as Confidential Information in writing to all counsel.

5. Any person receiving Confidential Information or Attorneys' Eyes Only Information ("Receiving Party") shall use such Confidential Information or Attorneys' Eyes Only Information only for the purposes of this Action, including any action consolidated with this Action, or in any other action jointly agreed to by the parties in writing. Additionally, the Producing Party may make use of its own Confidential Information or Attorneys' Eyes Only Information in any way it deems fit.

6. Confidential Information shall not be disclosed to any person except:

    (i) the parties in this Action and their current and former officers, directors, in-house counsel and employees deemed necessary to aid counsel in the conduct of the above-captioned action;

    (ii) outside counsel of record for the parties to this Action, and employees and contractors of their respective firms;

    (iii) the Court and its support personnel;

(iv)  a witness in preparation for deposition or trial or at deposition or trial;

(v)  copying or imaging services or court reporters associated with or retained by a party in connection with this action;

(vi)  litigation support vendors who are not employees of any party and who are expressly retained to assist counsel for the parties in the Action and the employees of such persons;

(vii) any experts and their staff with whom counsel may deem it necessary to consult for the preparation for trial of this action, and who are retained solely for the purpose of assisting in the prosecution of this action ("Outside Experts");

(viii)any mediators and their staff who are engaged for the purpose of mediating this action who shall be advised of the confidentiality requirements of this Stipulated Protective Order in advance of being provided with any confidential information; and

(ix)  any other person agreed to in writing by the parties.


7.      Attorneys' Eyes Only Information shall not be disclosed to any person except:

(i)  outside counsel of record for the parties to this Action, and employees and contractors of their respective firms;

(ii)  the Court and its support personnel;

(iii)  a witness in preparation for deposition or trial or at deposition or trial;

(iv)  copying or imaging services or court reporters associated with or retained by a party in connection with this action;

(v)  litigation support vendors who are not employees of any party and who are expressly retained to assist counsel for the parties in the Action and the employees of such persons;

(vi)  any experts and their staff with whom counsel may deem it necessary to consult for the preparation for trial of this action, and who are retained solely for the purpose of assisting in the prosecution of this action ("Outside Experts");

(vii) any mediators and their staff who are engaged for the purpose of mediating this action who shall be advised of the confidentiality requirements of this Stipulated Protective Order in advance of being provided with any confidential information; and

(viii)        any other person agreed to in writing by the parties.

8.        Before any expert or vendor identified in paragraphs 6 (vii) or (viii) and 7 (vii) or (viii) may receive any Confidential Information or Attorneys' Eyes Only Information, he or she must have read a copy of this Protective Order and signed an undertaking in the form attached as Exhibit A hereto, which shall be kept on file by Counsel for the Party that shares the Confidential Information or Attorneys' Eyes Only Information with such person.

9.        In the event that any Confidential Information or Attorneys' Eyes Only Information is included with, or the contents thereof are in any way disclosed, in any pleading, motion, or other paper to be filed with the Clerk of this Court, the filing party shall move to file such pleading, motion, or other paper under seal pursuant to the terms and requirements of Local Rule 6.1.  The clerk of this Court will maintain under seal all pleadings and other papers that contain Confidential Information, in whole or in part.  Nothing in this Protective Order shall prevent the Court from disallowing the filing of designated Confidential Information or Attorneys' Eyes Only Information under seal.  If the Court so disallows, such Confidential Information or Attorneys' Eyes Only Information shall be unsealed and placed in the case file. The ultimate disposition of Confidential Information or Attorneys' Eyes Only Information filed under seal with the Court will be subject to a final order of the Court upon the completion of the Action.

10.        A Receiving Party may not reveal or discuss Confidential Information or Attorneys' Eyes Only Information to or with any person not entitled to receive such information under paragraphs 6 and 7, respectively, of this Protective Order.

11.        A Receiving Party shall maintain all Confidential Information or Attorneys' Eyes Only Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information or Attorneys' Eyes Only Information.

12.     In the event that a Receiving Party is served with a subpoena, court order, or any request from a third party that would compel disclosure of any Confidential Information or Attorneys' Eyes Only Information, the Receiving Party must notify the Producing Party in writing within the earlier of five (5) business days of receipt of such subpoena, court order, or request or fourteen (14) days before a response to such subpoena, court order, or request is due. Such notification must include a copy of the subpoena, court order, or other form of request. The party receiving the subpoena, court order, or request must also immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Protective Order, and shall cooperate with the Producing Party in order to give the Producing Party the opportunity to intervene and/or seek judicial protection from the enforcement of the subpoena and/or the entry of an appropriate protective order in the action in which the subpoena was issued. In addition, the Receiving Party shall not disclose any Confidential Information or Attorneys' Eyes Only Information unless at least seven (7) days have elapsed since written notice was provided to the Producing Party or the Producing Party has consented in writing.

13.     In the event Confidential Information or Attorneys' Eyes Only Information is inadvertently disclosed to a third party other than those identified in paragraphs 6 and 7, respectively, of this Protective Order, such disclosure shall be reported in writing to the Producing Party within five (5) business days of the discovery of such disclosure. Counsel for the party who made the disclosure must make all reasonable efforts to retrieve the Confidential Information or Attorneys' Eyes Only Information and/or to confirm that all copies of the Confidential Information or Attorneys' Eyes Only Information in the third party's possession have been destroyed.

14.     Upon demand by the Producing Party, within sixty (60) days after conclusion of this action and any appeal thereof, any Confidential Information or Attorneys' Eyes Only Information or documents containing Confidential Information or Attorneys' Eyes Only Information shall be destroyed and counsel for any Receiving Party shall confirm the destruction of the Confidential or Attorneys' Eyes Only documents and information in writing to the

Producing Party.  Notwithstanding the above, counsel for all parties may maintain in its files copies of each pleading and litigation document filed with the Court, and each written discovery request and written response thereto.  Further, nothing in this paragraph shall require any party to destroy attorney work product or attorney-client communications that contain or reflect Confidential Information or Attorneys' Eyes Only Information, and nothing in this paragraph shall require any party to search for and destroy any electronic mail that contains or reflects Confidential Information or Attorneys' Eyes Only Information, including as attachments, provided that the party has taken precautions to protect the confidentiality and security of its electronic mail system.  As far as the provisions of this or any other Protective Orders entered in this Action restrict the use of Confidential Information or Attorneys' Eyes Only Information, such Protective Orders shall continue to be binding after the conclusion of this action.

15.     The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" or Attorneys' Eyes Only Information as "ATTORNEYS' EYES ONLY" in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of the Producing Party's right to thereafter designate such information as confidential or attorneys' eyes only prior to trial.  The Producing Party shall make such designation within fourteen (14) days upon having such actual knowledge of an inadvertent failure to designate a document, testimony, or other information as Confidential Information or Attorneys' Eyes Only Information.  In the event that the Producing Party designates Confidential Information as "CONFIDENTIAL" or Attorneys' Eyes Only Information as "ATTORNEYS' EYES ONLY" after disclosure but before trial, all Receiving Parties shall employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently treated as such pursuant to the terms of this Protective Order.

16.     This Protective Order shall be without prejudice to the right of any party to oppose production of any information for any reason other than confidentiality, or to seek to modify the limits on disclosure or protection of Confidential Information or Attorneys' Eyes Only Information beyond those provided by the terms of this Protective Order.

17.      Nothing in this Order constitutes a finding or admission that any of the Confidential Information or Attorneys' Eyes Only Information hereafter claimed by any party to be confidential is in fact confidential or attorneys' eyes only and this Protective Order shall be without prejudice to any party challenging the designation of certain documents and information as Confidential Information or Attorneys' Eyes Only Information.  If such a dispute arises, the party challenging the designation shall serve written notice of the challenge upon the Producing Party, specifying the Confidential Information or Attorneys' Eyes Only Information being challenged and the reasons supporting the challenge.  The Producing Party will have fourteen (14) days to respond in writing.  The parties shall meet and confer before filing any motion with the Court.  Pending resolution by the parties or by the Court regarding a dispute over a confidentiality designation, the Confidential Information or Attorneys' Eyes Only Information will continue to be treated as such.

18.      If a party inadvertently produces or provides discovery that it believes is protected from discovery by any privilege or immunity, the Producing Party may give written notice to the Receiving Party or Parties that the material is privileged or immune from discovery, stating the grounds for such privilege or immunity, and request that the material be returned to the Producing Party.  Immediately upon receiving such notice, the Receiving Party or Parties shall make no further use of the alleged privileged documents, and shall immediately segregate them in a manner that will prevent further disclosure or dissemination or their contents.  Within five (5) business days of receiving such notice, the Receiving Party shall destroy or return to the Producing Party such material and all copies thereof, provided that the Receiving Party may follow the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) and may thereafter move the Court for an order that the material in question is not protected from discovery by the asserted privilege or immunity, in which case the Receiving Party may keep a segregated copy of such material to present to the Court for *in camera* review.  The inadvertent disclosure of any documents or information protected by any privilege or immunity is not and will not be construed as a general or specific waiver of any such privilege or immunity.

19.     This Order shall be binding on upon any future parties to the litigation.

20.     This Order may be modified by the Court at any time, on its own initiative or upon motion by any party.

**SO ORDERED**.

Signed: October 1, 2013

David S. Cayer
United States Magistrate Judge

DAVID HOLMES, HERTA S. THEBERGE,
MARGUERITE K. POTTER, and the
MARGUERITE K. POTTER REVOCABLE
TRUST, individually and on behalf of all
others similarly situated,

            Plaintiffs,

v.

BANK OF AMERICA, N.A., in its own
capacity and as successor by merger to BAC
Home Loans Servicing, L.P., SEATTLE
SPECIALTY INSURANCE SERVICES,
INC., in its own capacity and as successor in
interest to COUNTRYWIDE INSURANCE
SERVICES, INC., ILLINOIS UNION
INSURANCE COMPANY, and CERTAIN
UNDERWRITERS AT LLOYD'S
LONDON, including all underwriters who
underwrote force-placed wind insurance
policies for Bank of America, as the insured
during the applicable limitations period and
LLOYD'S UNDERWRITERS AT,
LONDON,

            Defendants.

**EXHIBIT A TO STIPULATED
PROTECTIVE ORDER**

## UNDERTAKING AND CONSENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, do depose and state as follows:

My address is _____.      My current employer is _____. My current occupation is _____.

I have received a copy of the Stipulated Protective Order ("Protective Order") in the above-captioned action, and I have carefully read and understand the provisions of the Protective Order.

17

I will comply with all the provisions of the Protective Order. I will hold any information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in confidence, I will not disclose such information to anyone not qualified under paragraphs 6 and 7, respectively, of the Protective Order, and I will use such information for the purposes of this action only unless otherwise authorized by paragraph 45 of the Protective Order.

Promptly upon termination of this action, I will return all "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and information to counsel for the party by whom I am employed or retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Signed under the pains and penalties of perjury, this ___day of _____, 20__.


_____                    _____
Signature                                   Printed Name

17

## CERTIFICATE OF SERVICE

I, Joseph C. Hashmall, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 30, 2013.


Dated:  September 30, 2013                                    /s/  Joseph C. Hashmall